[L. A. No. 13777. In Bank.—January 19, 1934.]

E. GIOMETTI et al., Respondents, v. VICTOR ETIENNE, Jr., Appellant.

Frank Kauke, Peter tum Suden and Richard tum Suden for Appellant.

Lindsay & Gearhart and H. J. Carling for Respondents.

THE COURT.—This is a motion to set aside an order vacating an order granting a hearing in this court, after decision in the District Court of Appeal. Plaintiffs had judgment in the lower court, and upon appeal by defendants, the judgment was reversed by the District Court of Appeal. The plaintiffs petitioned for hearing, and an order granting a hearing was made on August 14, 1933, signed by four justices of this court. Thereafter, counsel for defendant called attention to the fact that Mr. Justice Preston, one of the four justices who concurred in the order, was related to Mr. Hugh L. Preston, one of counsel for petitioners. This court was of the opinion that Mr. Justice Preston was thereby disqualified from acting in the cause, and that consequently the order granting a hearing was void because of the concurrence of but three qualified justices. Accordingly an order was made on August 30, 1933, vacating the previous order. The last order declared that the

time for hearing had expired and that the petition was therefore denied by operation of law.

Petitioners' chief point is that Mr. Justice Preston's disqualification was not urged by opposing counsel nor judicially established during the time the application for hearing was pending before this court. Under section 170 of the Code of Civil Procedure a judge may disqualify himself by declaring his disqualification in open court, or if he neglects to do so, any party to the proceeding may file a statement of the grounds. ■ Petitioners argue that it is the judicial establishment of disqualification which is controlling, and not the fact of disqualification. But this argument finds no support in the statute, and this court has on several occasions pointed out that a judgment rendered by a disqualified judge is void. (See *Cadenasso* v. *Bank of Italy*, 214 Cal. 562 [6 Pac. (2d) 944].) It is true that where the grounds for disqualification are disputed, the facts constituting it must be judicially established by the proper procedure. ■ Here, however, there is no dispute, and no facts to ascertain. The ground for disqualification appears on the face of the record, and the disqualified judge declares the fact himself. There would seem to be no escape from the conclusion that the order granting a hearing was void and that the order setting it aside was proper. (See *People* v. *Ruef*, 14 Cal. App. 576 [114 Pac. 48, 54].)

■ Petitioners also suggest that section 170 of the Code of Civil Procedure does not apply to justices of appellate tribunals, and that the sole ground for this disqualification is stated in section 170a, providing that none may act in a cause which he tried in a lower court. There is nothing in the statute to indicate such a limited interpretation, and without express legislative exception, appellate judges must be deemed subject to the rules applicable to judges generally.

The motion is denied.