[No. B030538. Second Dist., Div. Seven. Feb. 24, 1988.]

HENRY STEVEN LEWIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Garrett J. Zelen for Petitioner.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

## OPINION

**THE COURT.\***—On September 2, 1987, counsel for petitioner, who is charged with felony offenses, filed a declaration seeking to disqualify Judge John H. Major on the ground of bias or prejudice against petitioner or his counsel. (Code Civ. Proc., §§ 170.1, 170.3, subd. (c)(1).)[1] On October 9, 1987, no action having been taken by Judge Major on the statement of disqualification, the parties appeared for a hearing on a pretrial motion filed by petitioner. At the outset of the proceedings Judge Major ordered the statement of disqualification stricken on the ground it disclosed no legal grounds for disqualification. (§ 170.4, subd. (b).) ■ In the instant proceeding, petitioner contends Judge Major is deemed to have consented to his disqualification by failing to file an answer within 10 days after the filing of the statement, hence he may not further participate in the proceeding. For reasons that follow, we find petitioner's contention meritorious and will direct that further proceedings be heard before a trial judge other than Judge Major.

### DISCUSSION

Subdivision (c) of section 170.3 provides in relevant part as follows: "(3) Within 10 days after the filing or service [of a statement of disqualification], whichever is later, the judge may file a consent to disqualification . . . or . . . a written verified answer admitting or denying any or all of the allegations contained in the party's statement and setting forth any additional facts material or relevant to the question of disqualification. . . .

"(4) *A judge who fails to file a consent or answer within the time allowed shall be deemed to have consented to his or her disqualification* and the clerk shall notify the presiding judge or person authorized to appoint a replacement of the recusal. . . .

"(5) No judge who refuses to recuse himself or herself shall pass upon his or her own disqualification or upon the sufficiency in law, fact, or otherwise, of the statement of disqualification filed by a party. In every such case, the question of disqualification shall be heard and determined by another judge. . . ." (Italics added.)

It thus becomes clear that, having failed to file an answer to the statement of disqualification, as of October 9 Judge Major was deemed to have consented to his disqualification and the clerk had the duty to notify the presid-

---

\*Before Lillie, P. J., Thompson, J., and Johnson, J.

[1] All further references are to the Code of Civil Procedure.

ing judge to appoint a replacement of the recusal. (§ 170.3, subd. (c)(4).) The respondent urges however that despite the clear language of section 170.3, subdivision (c)(4), Judge Major had the power on October 9 to strike petitioner's statement for insufficiency. In support of this contention the respondent cites subdivision (b) of section 170.4, which provides: "Notwithstanding paragraph (5) of subdivision (c) of Section 170.3, if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken."

We do not construe the foregoing provision as providing an exception to the automatic disqualification of a judge who fails to file an answer within 10 days as required by paragraphs (3) and (4) of section 170.3, subdivision (c). By its own terms, the provision provides an exception only to paragraph (5) of subdivision (c), which precludes a challenged judge from passing upon "his or her own disqualification or upon the sufficiency in law, fact, or otherwise, of the statement of disqualification filed by a party."

We therefore hold that although a challenged judge has the power to order a statement of disqualification stricken as legally insufficient, such power must be exercised within the time limits imposed by section 170.3, subdivision (c)(3). Having failed to do so, Judge Major was disqualified and has no power to act in this case.

■ The issue presented in this proceeding is one of law, and we see no purpose to be served by issuing an alternative writ. The parties have received due notice from this court that the issuance of a peremptory writ in the first instance is being considered, and under such circumstances the issuance of a peremptory writ in the first instance is proper. (§ 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179 [203 Cal.Rptr. 626, 681 P.2d 893].)

### DISPOSITION

Let a writ of mandate issue directing the respondent Los Angeles County Superior Court to appoint a replacement of Judge John H. Major in case number A708196. (See § 170.3, subd. (c)(4).)

Good reason appearing, this decision shall be deemed final as to this court five (5) days from the date hereof. (Cal. Rules of Court, rule 24(c).) The stay of proceedings heretofore imposed shall be dissolved upon the finality of this decision.