[No. F014463. Fifth Dist. Sept. 24, 1991.]

MANUEL CORONADO URIAS, Plaintiff and Appellant, v.
HARRIS FARMS, INC., Defendant and Respondent.

[No. F014697. Fifth Dist. Sept. 24, 1991.]

HARRIS FARMS, INC., Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
MANUEL CORONADO URIAS, Real Party in Interest.

COUNSEL

Garvin Hale and Charlotte E. Costan for Plaintiff and Appellant and for Real Party in Interest.

Jory, Peterson & Sagaser, Russell K. Ryan and Howard A. Sagaser for Defendant and Respondent and for Petitioner.

No appearance for Respondent Superior Court.

OPINION

**THAXTER, J.**—We hold here that a judge's failure to respond to or strike an allegedly untimely and legally insufficient statement of disqualification

equates to a consent to disqualification pursuant to Code of Civil Procedure[1] section 170.3, subdivision (c)(4). Under the circumstances here, the statement of disqualification was timely even though not asserted until after the judge granted a motion for summary judgment. Accordingly, we reverse that judgment. We also deny the petition of Harris Farms, Inc., for writ of mandate seeking to vacate a lower court order finding that the judge granting summary judgment was disqualified.

Manuel Urias (Urias or plaintiff) sued Harris Farms, Inc. (Harris Farms or defendant) for wrongful termination. Harris Farms brought a motion for summary judgment which was granted and judgment was entered for Harris Farms. The motion was heard by Judge Lawrence J. O'Neill, who had been appointed recently to the Fresno County Superior Court. A week later Urias filed a statement seeking to recuse the judge and a motion to set aside his grant of summary judgment. Urias claimed disqualification was necessary because the judge's former law firm had represented Harris Farms in litigation for the past 10 years.[2] The matter was denied without prejudice because the judge was not served.

Urias filed a second statement of disqualification on July 9, 1990, stating he had served the judge on that date and requesting that the judge be disqualified and his ruling on the summary judgment motion voided. When the judge did not respond, Urias filed another statement on August 1, 1990, requesting the court have the Judicial Council appoint a judge to hear the matter. The matter was set for hearing before Judge Frank Creede of the Fresno County Superior Court on August 3, 1990, and Harris Farms was notified of the hearing the evening before. At the hearing, Harris Farms objected to the motion on two grounds. First, it was untimely in that it was filed after judgment was entered for defendants. Second, the motion was, in effect, a motion for reconsideration of the earlier motion to disqualify and was not served within 10 days of the prior order as required by section 1008. Pursuant to Urias's request, Judge Creede requested the Judicial Council to appoint a judge to hear the matter. The challenged judge did not file any response to the requests for disqualification or strike any of them pursuant to section 170.4, subdivision (b).

The matter was assigned to Judge Howard Broadman of the Tulare County Superior Court who, without setting it for hearing, granted the request for disqualification pursuant to section 170.3, subdivision (c)(4). That section

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] We recognize that with crowded court calendars, recently appointed judges who hail from firms with numerous clients can easily overlook the fact that they may be disqualified under section 170.1, subdivision (a)(2) because another member of their firm represented a party in unrelated proceedings.

provides that a judge who fails to file a consent or answer within the time allowed is deemed to have consented to the disqualification. Harris Farms filed a petition for writ of mandate requesting this court to vacate the order disqualifying the judge. Urias appealed from the grant of summary judgment.

## DISCUSSION

1. *Should the judge have been disqualified pursuant to section 170.3, subdivision (c)(4) for failing to respond to an allegedly untimely and legally insufficient statement of disqualification?*

Former section 170, subdivision (a) provided that "No justice or judge shall sit or act as such in any action or proceeding" in which any of the various specified grounds for disqualification existed. This section was repealed in 1984 and replaced by new section 170.1 et seq. (For a detailed overview of the former and current law see 2 Witkin, Cal. Procedure (3d ed. 1985) Courts, §§ 73-111, pp. 87-130.) Section 170.3 outlines the procedures for determining disqualification challenges.

Under section 170.3, if a judge who should disqualify himself[3] fails to do so, any party may file with the clerk a verified written statement setting forth facts constituting grounds for disqualification. The statement must be filed at the "earliest practicable opportunity" after discovery of the facts constituting grounds for disqualification. Copies of the statement must be served on the judge alleged to be disqualified and on the parties. (§ 170.3, subd. (c)(1).)

Once objection has been made, the judge has three options. He may: (1) request any other judge agreed upon by the parties to sit and act (§ 170.3, subd. (c)(2)); (2) within 10 days of the objection, "file a consent to disqualification" (§ 170, subd. (c)(3)); or (3) file "a written verified answer admitting or denying any or all of the allegations . . . ." (*Ibid.*) Failure to take any action is deemed a consent to disqualification. (§ 170.3, subd. (c)(4); *Hollingsworth* v. *Superior Court* (1987) 191 Cal.App.3d 22, 26 [236 Cal.Rptr. 193].) If the statement is untimely filed or on its face discloses no legal grounds for disqualification, the judge against whom it is filed may strike it. (§ 170.4, subd. (b).) But, the judge must strike the insufficient statement within the 10-day period prescribed in section 170.3, subdivision (c)(3) for filing an answer. Thereafter, the judge is deemed disqualified and has no

---

[3]Since the judge in this case was male, we use the masculine gender throughout to avoid the he/she redundancy.

power to act in the case. (*Lewis* v. *Superior Court* (1988) 198 Cal.App.3d 1101, 1104 [244 Cal.Rptr. 328].)

 In this case, Urias filed several documents on June 22, 1990, which were, in effect, a statement to disqualify the judge on the ground his former law firm had represented Harris Farms in civil matters for the past 10 years. ██ Urias's counsel represented that he first learned these facts on June 20, 1990, almost a week after the summary judgment motion was granted.[4] The statement was not served on the judge, and the court properly refused to consider the statement until it was served. Urias filed a second statement of disqualification on July 9, 1990, stating he had served the judge with a statement of disqualification on that date and requesting the judge be disqualified and his ruling on the summary judgment motion voided. This statement included the previous papers filed. When the judge did not respond, Urias filed another statement on August 1, 1990, requesting the court to have the Judicial Council appoint a judge to hear the matter. The Judicial Council appointed Judge Broadman of the Tulare County Superior Court. Judge Broadman considered the statement of disqualification, noted the judge had not filed an answer, deemed his failure to answer a consent to the disqualification, and ordered him disqualified. That order was correct.

Prior to 1981, automatic disqualification occurred only if the statement of disqualification was legally sufficient and timely. If a statement was insufficient on its face as a matter of law, the challenged judge could either ignore the statement and proceed to try the case or strike the statement from the files. (See *People* ex rel. *D. of P. Wks.* v. *McCullough* (1950) 100 Cal.App.2d 101, 109 [223 P.2d 37]; 2 Witkin, Cal. Procedure, *op. cit. supra*, Courts, § 106, p. 123.) However, under the current judicial disqualification statutory scheme, if a statement of disqualification is untimely or legally insufficient on its face, the judge challenged must strike the statement from the file within the 10-day period prescribed for filing a consent or answer. (§ 170.4, subd. (b); *Lewis* v. *Superior Court, supra*, 198 Cal.App.3d at p. 1104.) He cannot simply ignore it. If the judge does not strike the statement and wants to contest his disqualification, he must file an answer within section 170.3, subdivision (c)(3)'s 10-day period admitting or denying the allegations in the statement. If he fails to do so, he is deemed to have consented to the disqualification and he is disqualified. (*Lewis, supra*, at p. 1104.) Therefore, to avoid automatic disqualification, the challenged judge must strike an untimely and/or insufficient statement of disqualification. Since the judge

---

[4]While the statement of disqualification was not verified as required by section 170.3, subdivision (c)(1), it was in the form of a declaration under penalty of perjury which is sufficient. (*Hollingsworth* v. *Superior Court, supra*, 191 Cal.App.3d 22, 25-26.)

neither struck the statement nor filed an answer within the 10-day period, regardless of the sufficiency of the statement of disqualification, he was properly deemed to have consented to his disqualification.

Harris Farms claims the court abused its discretion in disqualifying the judge because the disqualification was not properly before the court. It was not served and filed within the time periods applicable to motions (§ 1005), the August statement was an untimely motion for reconsideration (§ 1008), and Harris Farms was not afforded an opportunity to address the timeliness or merits of the statement. Not so.

■ A statement of disqualification is not a motion. Under section 170.3, subdivision (c)(1), the statement must be filed at the "earliest practicable opportunity" after discovery of the facts constituting the grounds for disqualification. Thereafter, the challenged judge may consent or file an answer within 10 days of the filing or service, whichever is later. The question of his disqualification must be determined by another judge agreed on by the parties or, if they are unable to agree, by a judge selected by the chairperson of the Judicial Council. (§ 170.3, subd. (c)(5).) The judge deciding the question may decide it on the basis of the statement of disqualification and the answer or he may set the matter for hearing. (§ 170.3, subd. (c)(6).) Thus, the determination of a judge's disqualification is outside the usual law and motion procedural rules.

While the challenged judge and all parties must be served with the statement of disqualification, the matter need not be set for hearing. Moreover, while the judge determining the issue may request argument or evidence from the other parties, he is not obligated to do so. Accordingly, Harris Farms cannot complain that it was not given an opportunity to be heard before the judge was disqualified.

■ Finally, the August statement filed by plaintiff was not a motion for reconsideration. Judge Creede denied without prejudice plaintiff's request to disqualify the judge based on the June statement because the judge had not been served with the statement. Thereafter, plaintiff filed and served a statement of disqualification in July. When the judge did not respond within 10 days, plaintiff filed the August statement asking the court to recuse the judge pursuant to section 170.3. The August "motion" was merely a follow-up of the July statement of disqualification. It was not a motion for reconsideration.

### 2. *Must the summary judgment be reversed in light of the judge's subsequent disqualification?*

Section 170.4, subdivision (d) provides, with certain exceptions not applicable here, "a disqualified judge shall have no power to act in any proceed-

ing after his or her disqualification . . . ." Section 170.3, subdivision (b)(4) provides:

"In the event that grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge."

Neither section is dispositive here. We are not concerned in this case with the judge's power to act after he was disqualified because he granted the motion for summary judgment, and judgment was entered, before he was deemed disqualified. In addition, by its terms, section 170.3, subdivision (b)(4) does not apply because the judge had "completed judicial action in [the] proceeding" before he was disqualified and did not issue any interlocutory orders. ■ Thus, the disqualification statutes do not prescribe a remedy for this situation where the judge is found to be disqualified after judgment is entered, and the only ruling in issue is a summary judgment which disposed of all the issues in the case. However, a number of California cases have addressed the validity of a judgment entered by a judge who is later found to be disqualified.

In applying the former disqualification statutes, the courts have generally held that a judgment or order rendered by a disqualified judge is void whenever brought into question. (See *Giometti* v. *Etienne* (1934) 219 Cal. 687, 689 [28 P.2d 913] [justice related to petitioner's counsel]; *Cadenasso* v. *Bank of Italy* (1932) 214 Cal. 562, 567 [6 P.2d 944] [judge owned stock in bank]; *Lindsay-Strathmore I. Dist.* v. *Superior Court* (1920) 182 Cal. 315, 333 [187 P. 1056] [judge had remote interest in subject matter]; *T.P.B.* v. *Superior Court* (1977) 66 Cal.App.3d 881, 885-886 [136 Cal.Rptr. 311].)

The theory upon which the rule rests is not clearly stated in the decisions, and the proposition itself is not uniformly accepted in its broadest form by all of them. (2 Witkin, Cal. Procedure, *op. cit. supra*, Courts, § 74, pp. 88-90.) For example, *Giometti* v. *Etienne, supra*, states, "this court has on several occasions pointed out that a judgment rendered by a disqualified judge is void." (219 Cal. at p. 689.) In another case, however, the court stated that "objection to the disqualification of the trial judge by reason of his interest in the subject matter of the suit may be made at any time before the judgment becomes final" but expressed no opinion on whether an action to vacate the judgment would lie after the judgment became final. (*Cadenasso* v. *Bank of Italy, supra*, 214 Cal. 562, 569.)

Witkin notes little is accomplished by calling the judgment of a disqualified judge "void"; the problem is one of jurisdiction. While the disqualified judge totally lacks power to hear and determine the cause, the court itself is not without jurisdiction. (2 Witkin, Cal. Procedure, *op. cit. supra*, § 75, pp. 90-91.) But the court, with subject matter jurisdiction, may properly be held to lack jurisdiction to act while the judge is disqualified. The problem is more accurately one of excess of jurisdiction. (*Op. cit. supra*, at p. 91.) "Consequently, the actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly raised by an interested party." (*In re Christian J.* (1984) 155 Cal.App.3d 276, 280 [202 Cal.Rptr. 54], as quoted in 2 Witkin, Cal. Procedure, *op. cit. supra*, § 76, p. 92.) A party who seeks to declare a judgment void on the ground the judge was disqualified must allege and prove facts which clearly show that such disqualification existed. (*Wickoff* v. *James* (1958) 159 Cal.App.2d 664, 670 [324 P.2d 661].)

■ Under those authorities, the grant of summary judgment in this case is voidable if Urias "properly raised" the disqualification issue and alleged facts which show the judge was disqualified to hear the case. ■ Harris Farms contests the legal sufficiency of plaintiff's disqualification statement. The merits of the disqualification statement were never addressed because the judge was deemed to have consented to his disqualification. Thus, before we determine the summary judgment is void, it is appropriate that we ascertain the legal sufficiency of the disqualification statement filed.

■ When no answer is filed in response to a statement of disqualification, the facts set out in the statement are taken as true. (*Oak Grove School Dist.* v. *City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 702 [32 Cal.Rptr. 288].) ■ Thus, for purposes of determining its sufficiency, we view the allegations contained in the disqualification statements as true.

Harris Farms contends the statement of disqualification and challenge to the judgment were not "properly raised" for two reasons. First, Urias did not contest the judge's qualifications at the "earliest practicable opportunity." Harris Farms claims Urias had ample time prior to the hearing on the motion for summary judgment to discover the judge's background. Further, since it is common knowledge that the judge was a former partner in the McCormick, Barstow, Sheppard, Wayte & Carruth law firm (McCormick Barstow), Urias should be found to have waived his claims by failing to raise the disqualification issue until a week after judgment was granted in Harris Farms's favor. We disagree.

The matter of disqualification should be raised when the facts constituting the grounds for disqualification are first discovered and, in any event, before the matter involved is submitted for decision. (*Baker* v. *Civil Service Com.*

(1975) 52 Cal.App.3d 590, 594 [125 Cal.Rptr. 162].) This rule applies, however, only when the facts constituting the disqualification are discovered before a case is submitted for decision. The rule rests on the principle that a party may not gamble on a favorable decision. (*Ibid.*) As pointed out above, though, case law recognizes situations in which a party is entitled to relief even though the grounds for disqualification are not discovered until after judgment is entered. In such case, a statement of disqualification is timely if submitted at the "earliest practicable opportunity" after the disqualifying facts are discovered.

Urias's counsel alleged that on June 20, 1990, two days before he filed the initial statement of disqualification, he first discovered the judge was a former member of the law firm of McCormick Barstow and had been with that firm for the last ten years during which time the law firm represented Harris Farms in various civil litigation matters. While counsel did not disclose how he made the discovery, there is no indication he was aware of the McCormick Barstow-Harris Farms association before the date alleged.

Moreover, while it may have been common knowledge in the community that the judge was a former McCormick Barstow partner, Harris Farms does not contend it was common knowledge that McCormick Barstow was counsel to Harris Farms. While Urias might have ascertained that information from Martindale-Hubbell[5] or other such sources, we find no authority requiring a party or his counsel to investigate to ascertain a judge's former clients. Rather, the responsibility lies with the judge, especially when he is recently appointed to the bench, to disclose to the parties that a party to the proceeding was a client of his former law firm. Thus, there is nothing in the record to support Harris Farms's claim that Urias waived the disqualification by failing to raise it earlier.

■■■ Harris Farms next contends the claim was not properly raised because the statement of disqualification is legally insufficient and frivolous. Counsel for plaintiff's initial declaration states that during the last 10 years, McCormick Barstow represented Harris Farms in various civil litigation matters while the judge was a member of the law firm. In addition, between 1986 and 1988, one of the judge's law partners represented John Harris (the sole stockholder of Harris Farms) and Harris Farms in an action against John's stepmother. Plaintiff's July 9 statement states, "for years past [Harris Farms] had been a valued and important client of [McCormick Barstow]. Your declarant is informed and believes and upon such information and belief, alleges that [Harris Farms] paid said McCormick, Barstow a sizable annual retainer as well as sizable attorneys' fees and that Judge O'Neill was

---

[5]Martindale-Hubbell lists McCormick Barstow as "general counsel" for Harris Farms.

a participant in those retainers and fees, and may still be receiving a portion of those retainers and fees to this date. . . ."

Harris Farms contends these statements are insufficient as a matter of law because they fail to state facts showing the judge was disqualified to hear the case. ■ Section 170.3, subdivision (c)(1) requires that the disqualification statement set forth "the facts constituting the grounds" for disqualification of the judge. Mere conclusions of the pleader are insufficient. (*In re Morelli* (1970) 11 Cal.App.3d 819, 843 [91 Cal.Rptr. 72].)

■ Plaintiff's allegations regarding the judge's disqualification are addressed to the previous representation ground, section 170.1, subdivision (a)(2). That section provides:

"A judge shall be disqualified if any one or more of the following is true:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(2) *The judge served as a lawyer in the proceeding,* or in any other proceeding involving the same issues he or she served as a lawyer for any party in the present proceeding or gave advice to any party in the present proceeding upon any matter involved in the action or proceeding.

"*A judge shall be deemed to have served as a lawyer in the proceeding if within the past two years: [¶] (A) A party to the proceeding . . . was a client of the judge when the judge was in the private practice of law or a client of a lawyer with whom the judge was associated in the private practice of law . . . .*" (Italics added.)

Plaintiff's statements of disqualification are sufficient. Even though they contain allegations on "information and belief" and conclusions, which arguably are insufficient, they also allege that within the last two years ("for the last 10 years"), Harris Farms was a client of the judge's former law firm and partner. Under the plain language of the statute, the recently appointed judge must be deemed to have served as a lawyer in the proceeding and therefore was disqualified from hearing the case.

■ Accordingly, plaintiff raised the issue of the judge's disqualification in a timely manner after the judge had completed judicial action in the proceeding and before the judgment was final. Further, his uncontradicted allegation established disqualification under section 170.1, subdivision (a)(2). Because the summary judgment was rendered by a disqualified judge, the judgment was voidable upon plaintiff's objection. (*In re Christian J., supra,* 155 Cal.App.3d at p. 280.)

Having found that the judge was disqualified under the prior representation formulation, we need not discuss the appearance of impropriety ground for disqualification (§ 170.1, subd. (a)(6)(C)) discussed in the briefs. Likewise, we do not reach the merits of the summary judgment motion and ruling.

## DISPOSITION

The judgment is reversed. The petition for writ of mandate is denied. Costs to plaintiff.

Martin, Acting P. J., and Buckley, J., concurred.

A petition for a rehearing was denied October 21, 1991, and the petition of respondent Harris Farms, Inc., for review by the Supreme Court was denied December 19, 1991.