16 Cal.App.4th 931 (1993)
20 Cal. Rptr.2d 841
HEIDE V. BETZ, Plaintiff and Appellant,
v.
CHARLES J. PANKOW, Defendant and Respondent.
Docket No. A055091.
Court of Appeals of California, First District, Division Five.
June 18, 1993.
*935 COUNSEL
James Duryea, Jr., for Plaintiff and Appellant.
Nossaman, Guthner, Knox & Elliott, Kurt W. Melchior and Claude M. Stern for Defendant and Respondent.
OPINION
HANING, J.
Appellant Heide V. Betz appeals an order denying her motion to vacate a judgment confirming an arbitration award in favor of respondent Charles J. Pankow, and imposing sanctions against her attorney. She contends the court erred in determining it was without jurisdiction to decide the motion on its merits while the judgment was pending on appeal.

FACTS AND PROCEDURAL HISTORY
An arbitration award issued in favor of respondent in a dispute over dissolution of a partnership. The trial court denied appellant's motion to vacate the award, which motion was based on separate grounds not relevant to this appeal, and granted respondent's petition to confirm. Judgment ultimately issued confirming the award, from which appellant timely appealed. While the appeal was pending, appellant moved to vacate the judgment on the ground that shortly after its entry, but during pendency of the appeal, she learned that one of the arbitrators had recently retired as a partner in the law firm which, during several years prior to the arbitration, represented three business entities owned or controlled by respondent.[1] The award was signed by only two arbitrators of a three-person panel  the challenged arbitrator and one other. The third arbitrator refused to sign the award for unrelated reasons. The trial court denied the motion on the ground that it lacked jurisdiction to entertain it due to the pendency of the appeal from the judgment confirming the award. The court also imposed sanctions *936 of $5,000 on appellant's counsel for filing a frivolous motion. (Code Civ. Proc., § 128.5.)[2]

DISCUSSION
The principal issues are whether the trial court had jurisdiction to vacate the judgment pending on appeal and, if not, whether appellant has a remedy.
Pursuant to section 1286.2, an arbitration award can be vacated if (a) it was procured by corruption, fraud or other undue means, (b) there was corruption in any of the arbitrators, or (c) the rights of a party were substantially prejudiced by misconduct of a neutral arbitrator. The arbitrator in question here was selected by the tribunal and is considered neutral. (See, e.g., Tate v. Saratoga Savings & Loan Assn. (1989) 216 Cal. App.3d 843, 851-852 [265 Cal. Rptr. 440].)
(1a) The standard for vacating arbitration awards for bias by a neutral arbitrator is the "impression of possible bias test" formulated in Commonwealth Corp. v. Casualty Co. (1968) 393 U.S. 145 [21 L.Ed.2d 301, 89 S.Ct. 337]. An arbitrator's failure to disclose any matter which might create an impression of possible bias is grounds for vacating the award. (See, e.g., Cobler v. Stanley, Barber, Southard, Brown & Associates (1990) 217 Cal. App.3d 518, 527 [265 Cal. Rptr. 868]; Banwait v. Hernandez (1988) 205 Cal. App.3d 823, 826-828 [252 Cal. Rptr. 647]; Johnston v. Security Ins. Co. (1970) 6 Cal. App.3d 839, 841-843 [86 Cal. Rptr. 133].) It is an objective test, requiring a reasonable impression. (Banwait v. Hernandez, supra, at p. 829.) Commonwealth and the California cases applying the test have found an impression of possible bias on the basis of an existing or prior business relationship with one of the parties or their attorneys. (See, e.g., Banwait v. Hernandez, supra, at p. 827.) (2a) In this case it is alleged that one of the arbitrators was a partner in the law firm that represented several business entities in which respondent was an owner, principal or partner, and that this relationship was not disclosed to appellant. This clearly presents an impression of possible bias. (1b) The courts must "be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts and are not subject to appellate review." (Commonwealth Corp. v. Casualty Co., supra, at p. 149 [21 L.Ed.2d at pp. 304-305]; see also Banwait v. Hernandez, supra, 205 Cal. App.3d 823; Gonzales v. Interinsurance Exchange (1978) 84 Cal. App.3d 58 [148 Cal. Rptr. 282]; Wheeler v. St. Joseph Hospital (1976) 63 Cal. App.3d 345 [133 Cal. Rptr. 775, 84 A.L.R.3d 343]; San Luis Obispo Bay Properties, *937 Inc. v. Pacific Gas & Elec. Co. (1972) 28 Cal. App.3d 556 [104 Cal. Rptr. 733]; Johnston v. Security Ins. Co., supra, 6 Cal. App.3d 839.)
(2b) Respondent concedes that the arbitrator in question was a partner in the law firm that represented him, but contends that appellant did not act with reasonable diligence in discovering those facts because they had long been matters of public record. This claim was addressed and rejected in Urias v. Harris Farms, Inc. (1991) 234 Cal. App.3d 415 [285 Cal. Rptr. 659], in which the Court of Appeal held: "[W]e find no authority requiring a party or his counsel to investigate to ascertain a judge's former clients. Rather, the responsibility lies with the judge, especially when he is recently appointed to the bench, to disclose to the parties that a party to the proceeding was a client of his former law firm." (Id., at p. 425.)
Likewise, we find no duty on the part of a party or the party's counsel to investigate an arbitrator's former clients. While those facts may have been a matter of public record, respondent has not alleged that such representation was a matter of common knowledge. Further, although they may be a matter of public record, the facts bearing on disqualification are not related to the merits of the controversy, and the parties cannot reasonably be expected to launch a tedious search through every courthouse in the state in pursuit of information which is required to be disclosed. Consequently, the record does not support respondent's claim that appellant failed to use reasonable diligence in discovering the facts bearing on disqualification.
Nevertheless, the fact that the challenged arbitrator may have been subject to disqualification does not resolve the jurisdictional issue. (3) Appellant's contention that the trial court had jurisdiction under section 1008, subdivision (b) to vacate the judgment after the notice of appeal had been filed is incorrect.[3] Section 1008 is directed to interim rulings. (Magallanes v. Superior Court (1985) 167 Cal. App.3d 878, 882 [213 Cal. Rptr. 547].) Thus, a motion for reconsideration may only be considered before final judgment is entered and while the case is still pending in the trial court. (Eddy v. Sharp (1988) 199 Cal. App.3d 858, 863, fn. 3 [245 Cal. Rptr. 211]; Magallanes v. *938 Superior Court, supra, at p. 882; Graham v. Hansen (1982) 128 Cal. App.3d 965, 970-971 [180 Cal. Rptr. 604].) Because appellant is attempting to vacate a judgment, rather than an interim ruling, section 1008 relief is unavailable.
(4) As a general rule, "the perfecting of an appeal stays [the] proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order...." (§ 916, subd. (a).) The purpose of the rule depriving the trial court of jurisdiction in a case during a pending appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it. (In re Marriage of Horowitz (1984) 159 Cal. App.3d 377, 381 [205 Cal. Rptr. 880].)
However, the pendency of an appeal does not divest the trial court of jurisdiction to determine ancillary or collateral matters which do not affect the judgment on appeal. (Silver v. Gold (1989) 211 Cal. App.3d 17, 26 [259 Cal. Rptr. 185].) Whether a matter is "embraced" in or "affected" by a judgment within the meaning of section 916 depends upon whether postjudgment trial court proceedings on the particular matter would have any impact on the "effectiveness" of the appeal. If so, the proceedings are stayed; if not, the proceedings are permitted. (In re Marriage of Horowitz, supra, 159 Cal. App.3d at p. 381.) Because vacation of the amended judgment would have affected its enforcement, it could not be considered a collateral matter over which the trial court could retain jurisdiction.
(5) The other recognized exception to the rule that the trial court is divested of jurisdiction of the subject matter during the pendency of an appeal exists where the judgment or order is wholly void. (People v. Dillon (1983) 34 Cal.3d 441, 487, fn. 36 [194 Cal. Rptr. 390, 668 P.2d 697]; In re Marriage of McNaughton (1983) 145 Cal. App.3d 845, 848-849 [101 Cal. Rptr. 143]; Lovret v. Seyfarth (1972) 22 Cal. App.3d 841, 854 [101 Cal. Rptr. 143].) A void judgment or order may be disregarded by the parties and the trial court, and may be set aside by the trial court on its own motion, despite the pendency of an appeal. (In re Marriage of McNaughton, supra, at pp. 848-849; 2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 261.) However, a judgment which is merely voidable can only be attacked in the court having subject matter jurisdiction. (2 Witkin, Cal. Procedure, op. cit. supra, Courts, §§ 73-76.)
We have found no cases discussing whether an order or judgment confirming the award of a disqualified arbitrator is void or merely voidable. As *939 to the validity of a judgment entered by a judge who is later found to be disqualified, the disqualification statutes do not prescribe a specific remedy, and there is a lack of uniformity in the cases which have addressed the issue. (See Urias v. Harris Farms, Inc., supra, 234 Cal. App.3d at p. 423.)
Courts applying the former judicial disqualification statutes[4] have generally held that a judgment or order issued by a disqualified judge is void whenever brought into question. (See Giometti v. Etienne (1934) 219 Cal. 687, 689 [28 P.2d 913]; Cadenasso v. Bank of Italy (1932) 214 Cal. 562, 567 [6 P.2d 944]; Cuyamaca Water Co. v. Superior Ct. (1924) 193 Cal. 584, 592 [226 P. 604, 33 A.L.R. 1316]; Lindsay-Strathmore I. Dist. v. Superior Court (1920) 182 Cal. 315, 333 [187 P. 1056]; T.P.B. v. Superior Court (1977) 66 Cal. App.3d 881, 885-886 [136 Cal. Rptr. 311]; In re Harrington (1948) 87 Cal. App.2d 831, 835 [197 P.2d 783].)
More recent cases have held that the actions of a disqualified judge are not void, but at most are voidable if properly raised by the interested party. (Urias v. Harris Farms, Inc., supra, 234 Cal. App.3d at pp. 424-426; In re Steven O. (1991) 229 Cal. App.3d 46, 54 [279 Cal. Rptr. 868]; Guedalia v. Superior Court (1989) 211 Cal. App.3d 1156, 1161-1162, fn. 3. [260 Cal. Rptr. 99]; Stebbins v. White (1987) 190 Cal. App.3d 769, 781-782 [235 Cal. Rptr. 656]; In re Christian J. (1984) 155 Cal. App.3d 276, 280 [202 Cal. Rptr. 54]; see also, 2 Witkin, Cal. Procedure, op. cit. supra, Courts, §§ 75-76.) Several cases rely on Witkin's analysis that "[l]ittle is accomplished by calling the judgment of a disqualified judge `void.' ... The real question  the effect of the judgment  is evaded by the loose application of this word of many meanings. The problem is one of jurisdiction and, despite the fact that a disqualified judge totally lacks power to hear and determine the cause, the defect should not be considered a lack of jurisdiction of the subject matter...." (2 Witkin, op. cit. supra, at § 75; Urias v. Harris Farms, Inc., supra, at pp. 424-426; Guedalia v. Superior Court, supra, at pp. 1161-1162, fn. 3; Stebbins v. White, supra, at pp. 781-782.)
Thus, a court with jurisdiction of the subject matter may be held to lack jurisdiction to act while the judge before whom the matter is pending is disqualified, and pending a determination of the issue of disqualification. The problem has been analyzed as an act in excess of jurisdiction, wherein the acts of a disqualified judge are at most voidable, but not void. (2 Witkin, *940 Cal. Procedure, op. cit. supra, Courts, §§ 75-76; Urias v. Harris Farms, Inc., supra, 234 Cal. App.3d at p. 424; see White v. Renck (1980) 108 Cal. App.3d 835, 839 [166 Cal. Rptr. 701].) Witkin gave several reasons for concluding that the acts of a disqualified judge do not divest the court, as distinguished from the disqualified judge, of subject matter jurisdiction to undertake appropriate remedial action. First, although a particular judge may be disqualified, the court is not  another judge may hear the matter. Second, disqualification may be waived, while subject matter jurisdiction may not. Third, to hold that subject matter jurisdiction is lacking would mean that all such judgments would be open to collateral attack at any time, a result which is undesirable. (2 Witkin, Cal. Procedure, op. cit. supra, Courts, § 75.)
We concur with Witkin and those cases concluding that the acts of a judge subject to disqualification for cause are voidable rather than void and, by extension, conclude that the same rule should apply to arbitrators. Because the actions of the challenged arbitrator in the instant case were at most voidable, and not void, the trial court properly denied appellant's motion to vacate the judgment due to its pendency on appeal.
However, a trial court's lack of jurisdiction to vacate a judgment while an appeal is pending creates a dilemma for the party who, with due diligence, discovers only after the notice of appeal is filed that the judge or arbitrator hearing the matter was disqualified. For the sake of judicial efficiency and economy, a party who first discovers facts during the pendency of an appeal indicating the disqualification of a judge or arbitrator should raise the disqualification issue at the earliest opportunity, rather than waiting until the appellate process is exhausted and the trial court is again vested with jurisdiction. (See, e.g., § 170.3, subd. (c)(1); Urias v. Harris Farms, Inc., supra, 234 Cal. App.3d at p. 420.)
An analogous situation is presented where fraudulently concealed evidence, material to a party's case, is discovered after the time for moving for new trial has lapsed, and while the judgment is pending on appeal. (6a) "A direct attack on an otherwise final, valid judgment by way of an independent action to set it aside is permitted where it appears that the complaining party was fraudulently prevented from presenting his claim or defense in the prior action. This is known as extrinsic fraud. The rule is premised on the important public policy that litigants be afforded a fair adversary proceeding in which fully to present their case." (Mullen v. Department of Real Estate (1988) 204 Cal. App.3d 295, 301 [251 Cal. Rptr. 12], citations and internal quotation marks omitted.)
*941 (7) (See fn. 5.), (6b) Where the evidence of extrinsic fraud is discovered during the pendency of an appeal, an appellate court can issue a writ of error coram vobis commanding the trial court to reconsider its decision in light of the newly discovered evidence.[5] (Mullen v. Department of Real Estate, supra, 204 Cal. App.3d at p. 301; Los Angeles Airways, Inc. v. Hughes Tool Co. (1979) 95 Cal. App.3d 1, 8-9 [156 Cal. Rptr. 805]; Rollins v. City and County of San Francisco (1974) 37 Cal. App.3d 145, 148-149 [112 Cal. Rptr. 168].) A writ of error coram vobis will issue only where the error does not appear in the record, no other remedy is available and the issue involved has not been previously determined. (Los Angeles Airways, Inc. v. Hughes Tool Co., supra, at p. 9.)
(8) We conclude that the circumstances in the instant case permit a similar procedure, since (1) the facts alleged would, if true, support the arbitrator's disqualification and require vacation of the award, (2) the facts subjecting the arbitrator to disqualification do not appear on the face of the record, (3) the issue of the arbitrator's disqualification has not been previously determined, (4) the facts supporting disqualification should have been disclosed, but were not, and (5) appellant contends the disqualification factors were not reasonably discovered sooner.
In this instance appellant acted timely in seeking relief, but addressed her motion to the wrong court. We could treat her appeal as a petition for writ of error coram vobis and remand the matter to the trial court for reconsideration. However, if we affirm the order appealed from on the jurisdictional ground upon which the trial court correctly relied, upon issuance of our remittitur the trial court will regain jurisdiction to entertain appellant's petition to vacate the judgment and award. We believe this is the appropriate procedure at this juncture.
(9) As we previously stated, because the actions of the challenged arbitrator were at most voidable, rather than void, the trial court properly denied appellant's motion to vacate the judgment. However, due to the lack of uniformity in the case law on the void versus voidable judgment issue, sanctions are not appropriate, and the sanction order is reversed.
*942 That portion of the order imposing sanctions is reversed. The order is otherwise affirmed. Each party shall bear their own costs.
Peterson, P.J., and King, J., concurred.
A petition for a rehearing was denied July 13, 1993, and respondent's petition for review by the Supreme Court was denied October 5, 1993. Mosk, J., and George, J., did not participate therein. Panelli, J., and Baxter, J., were of the opinion that the petition should be granted.
NOTES
[1] Whether the challenged arbitrator actually retired from the firm in the traditional sense, or left it to practice elsewhere is not revealed by the record. However, the manner in which he left the firm is irrelevant. It is the fact that he was a member of the law firm that represented one of the parties to the arbitration that controls our decision.

Respondent's appellate counsel, who did not represent him during the arbitration, but represented him at the hearing on appellant's motion to vacate the award, was also a senior partner in the law firm representing one of respondent's adversaries in at least one previous litigated matter. This fact plays no part in our analysis.
[2] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.
[3] At all relevant times section 1008 provided, in part: "(a) When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may, make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order. [¶] (b) When the party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, makes a subsequent application for the same order upon an alleged different state of facts, it shall be shown by affidavit what application was made before, when and to what judge, what order or decision was made thereon, and what new facts are claimed to be shown."
[4] Former section 170, subdivision (a) provided that no justice or judge could sit or act in any action or proceeding in which the specified grounds of disqualification existed. (Stats. 1984, ch. 193, § 9, pp. 577-580.) This statute was repealed in 1984 and replaced by section 170 et seq. (Stats. 1984, ch. 1555, §§ 1-9, pp. 5479-5484.) Section 170.1 specifies the grounds for disqualification of judges for cause.
[5] The common law writ of error coram nobis is used to secure relief, in the same court in which a judgment was entered, from an error of fact alleged to have occurred at trial. In this state its use has been confined almost exclusively to criminal cases. (3 Witkin, Cal. Procedure, Actions, § 22.) Technically, when the petition is addressed to the trial court it is coram nobis, and when addressed to an appellate court it is coram vobis. (8 Witkin, Cal. Procedure, op. cit. supra, Attack on Judgment in Trial Court, § 4; Prickett, The Writ of Error Coram Nobis in California (1990) 30 Santa Clara L.Rev. 1.)