[No. D031744. Fourth Dist., Div. One. Jan. 14, 1999.]

KATHLEEN ECKERT, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
MARY TEBO et al., Real Parties in Interest.

## COUNSEL

Michael R. Lennie for Petitioner.

No appearance for Respondent.

John J. Sansone, County Counsel, Diane Bardsley, Chief Deputy County Counsel and Eliot J. Alazraki, Deputy County Counsel, for Real Party in Interest County of San Diego.

Ryan Knapp & Associates and Richard J. Lister for Real Party in Interest Mary Tebo.

Seifert, Henderson & Farricker and Pauline White for Real Party in Interest Valley Professional Center.

## OPINION

**HALLER, J.**—After a trial court rules on motions *in limine* but before voir dire begins, a party files a statement of disqualification under Code of Civil Procedure section 170.1. Is the judge to whom the case has been assigned for trial required to stay the proceedings until a second trial judge rules on the disqualification motion? We hold the trial judge is not required to do so and may proceed with the trial. (See Code Civ. Proc.,[1] § 170.4, subd. (c)(1).)

### FACTS

Kathleen Eckert sued real parties in interest[2] seeking to recover for injuries suffered in an automobile accident. Her complaint was premised on negligence, premises liability and dangerous conditions of a public highway.

On August 3, 1998, the matter was assigned to Superior Court Judge Charles Hayes for trial.[3] Counsel were ordered to report to Judge Hayes's courtroom on August 4. During the next six and one-half court days, Judge Hayes ruled on twenty *in limine* motions pertaining to numerous trial exhibits.

After the court made the rulings but before voir dire began, Eckert filed a statement of disqualification, asserting that Judge Hayes's conduct and rulings demonstrated "the clear appearance of bias and prejudice against [Eckert] and [Eckert's] counsel." (See § 170.1, subd. (a)(6)(C).) Eckert also requested a stay of the proceedings. The court denied the stay, reasoning it had the discretion to proceed with the trial under section 170.4, subdivision (c)(1).[4]

The next day, Eckert petitioned for a writ of mandate/prohibition, requesting this court to order Judge Hayes to stay the proceedings until another trial

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] The real parties in interest are Mary Tebo, County of San Diego, and Valley Professional Center.

[3] The case was filed in the north county branch of the San Diego County Superior Court and assigned to an independent calendar department. Because the independent calendar judge was not available to begin the trial on the previously designated date, in accordance with local procedures the matter was transferred for trial to Judge Hayes, an independent calendar judge in the downtown branch of the San Diego County Superior Court.

[4] Section 170.4, subdivision (c)(1) provides: "If a statement of disqualification is filed after a trial or hearing has commenced by the start of voir dire, by the swearing of the first witness or by the submission of a motion for decision, the judge whose impartiality has been questioned may order the trial or hearing to continue, notwithstanding the filing of the statement of disqualification. The issue of disqualification shall be referred to another judge for decision as provided in subdivision (a) of Section 170.3, and if it is determined that the judge is disqualified, all orders and rulings of the judge found to be disqualified made after the filing of the statement shall be vacated."

judge ruled on the disqualification motion. We issued an order to show cause and stayed the trial. A second trial judge then heard the disqualification motion and denied the motion. We denied Eckert's subsequent writ petition challenging this second trial court's ruling. We then lifted our stay of the proceedings.[5]

Our lifting of the stay and the second trial court's ruling on the merits of the disqualification motion rendered moot the issue of whether the trial court properly proceeded with the trial. We nonetheless address the issue because it is likely to reoccur and concerns an important matter of disqualification motion procedure. (See *State of Cal.* ex rel. *State Lands Com.* v. *Superior Court* (1995) 11 Cal.4th 50, 61 [44 Cal.Rptr.2d 399, 900 P.2d 648].)

## DISCUSSION

A party seeking to disqualify a trial judge for cause must file a statement of disqualification at the "earliest practical opportunity" after discovering facts constituting the grounds for the disqualification. (§ 170.3, subd. (c)(1).) "Thereafter, the challenged judge may consent or file an answer within 10 days of the filing or service, whichever is later. The question of his disqualification must be determined by another judge agreed on by the parties or, if they are unable to agree, by a judge selected by the chairperson of the Judicial Council. (§ 170.3, subd. (c)(5).)" (*Urias* v. *Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 422 [285 Cal.Rptr. 659].) During the pendency of this ruling, the trial judge "may" order the trial to continue if the statement of disqualification "is filed after a trial or hearing has commenced by the start of voir dire, by the swearing of the first witness or by the submission of a motion for decision . . . ." (§ 170.4, subd. (c)(1) [see fn. 4, *ante*].)

The trial court here found the trial had "commenced" because the parties had submitted their motions *in limine* "for decision." Eckert challenges this finding, asserting that a jury trial does not "commence" within the meaning of section 170.4, subdivision (c)(1) until voir dire has started.

In considering Eckert's contention, we are guided by well-settled statutory construction rules. "The goal of statutory construction is to ascertain and effectuate the intent of the Legislature. [Citation.] Ordinarily, the words of the statute provide the most reliable indication of legislative intent. [Citation.] When the statutory language is ambiguous, the court may examine the context in which the language appears, adopting the construction that

---

[5]Because Judge Hayes was engaged in another trial, the matter was assigned to Judge Philip Sharp, who presided over and completed the trial.

best harmonizes the statute internally and with related statutes. [Citations.]" (*Pacific Gas & Electric Co.* v. *County of Stanislaus* (1997) 16 Cal.4th 1143, 1152 [69 Cal.Rptr.2d 329, 947 P.2d 291].) In construing statutory language, we must "apply reason, practicality, and common sense . . . . If possible, the words should be interpreted to make them workable and reasonable . . . in accord with common sense and justice, and to avoid an absurd result." (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1239 [8 Cal.Rptr.2d 298].)

Applying these principles, we agree with the trial court's reading of the statutory language. Section 170.4, subdivision (c)(1) provides three ways in which a trial or hearing may commence: "*by* the start of voir dire, *by* the swearing of the first witness *or by the submission of a motion for decision . . . .*" (Italics added.) Because these events are stated in the alternative and because each of these events may occur in a single trial, the Legislature necessarily intended to designate alternative means by which a trial may "commence." The first event to occur begins the trial. In this case, the first event was the parties' submission of motions *in limine* for the trial court's decision. Under the statutory language, the trial "commenced" at that point and the court had the discretion to continue with the proceedings despite the filing of the disqualification motion.

This conclusion comports with the reality of trial practice, particularly where, as here, the matter was assigned to a specific judge for the purpose of presiding over the trial. Because a motion *in limine* reflects a litigant's trial strategy and serves to shape the legal and factual issues to be presented during trial, the motion is commonly viewed as the "first step" in the trial process.[6] Here it is abundantly clear the trial process had begun. After ruling on numerous *in limine* motions, announcing tentative decisions on others, discussing jury instructions and determining compliance with pretrial orders,[7] there can be no doubt the trial had commenced.

Our conclusion is also consistent with the legislative purpose underlying section 170.4, subdivision (c)(1). In enacting section 170.4, subdivision (c)(1), the Legislature made a judgment that on balance it was preferable to avoid the costs and inconvenience associated with delaying a trial even though in some cases the trial may need to be repeated if the disqualification motion is found to have merit. Because motions *in limine* are an integral part

---

[6]"*In limine*" means "[o]n or at the threshold; at the very beginning; preliminarily." (Black's Law Dict. (6th ed. 1990) p. 787, col. 2.)

[7]In accordance with local rules, counsel are ordered to comply with numerous pretrial orders set forth in an advanced trial review order issued approximately one month prior to the assigned trial date.

of a trial, to adopt a rule that any party who is unhappy with adverse *in limine* rulings may bring the proceedings to a halt by filing a disqualification statement would undermine this legislative judgment.

Eckert's view that a jury trial does not "commence" until "the start of voir dire" is not supported by the plain language of the statute. (§ 170.4, subd. (c)(1).) Focusing on the statutory phrase "trial *or* hearing," Eckert says each of the three "events" listed in section 170.4, subdivision (c)(1) pertains to a different type of proceeding: "1) '[t]he start of voir dire' clearly refers to the commencement of a jury 'trial'; 2) '[t]he swearing of the first witness' clearly refers to the commencement of a court 'trial'; 3) '[t]he submission of a motion for decision' must by logic and the process of elimination refer to the commencement of a 'hearing.' "

While the Legislature certainly could have devised such a scheme, there is nothing in the code section showing the Legislature intended to do so. Because section 170.4, subdivision (c)(1) does not expressly distinguish between a court trial and a jury trial for purposes of the "commencement" of the trial, it would be inappropriate for a court to parse the statutory language into these discrete categories. Further, the distinctions are not logically compelled. For example, the "swearing of the first witness" as the initial triggering event may apply to a court trial or to a hearing. Likewise, the submission of a motion for decision may be the first event in a jury trial, court trial, or hearing.[8]

Eckert urges us to accept his interpretation because any other statutory construction renders the term "hearing" superfluous. Eckert reads too much into a single word. Viewing the code section as a whole, it is more reasonable to conclude the statutory phrase "trial or hearing" reflects the Legislature's intent to extend the disqualification procedures to all types of proceedings where a trial judge may be involved, regardless whether the proceeding may be strictly characterized as a "trial."

Eckert also argues that "[h]ad the Legislature intended for a jury trial to commence by a court's preliminary ruling on *in limine* motions, it could have easily so stated." This argument is unpersuasive because we believe the Legislature did "so state." Although the Legislature did not specifically identify "motions *in limine*," it provided the "submission of a motion for decision" as a trigger for the commencement of a trial. The most common motion submitted for decision at the outset of trial is an *in limine* motion.

---

[8]Unlike a trial, a "hearing" as referenced in section 170.4, would not involve voir dire. Depending on the nature of the hearing, a "hearing" may commence in two ways: the swearing of the first witness or submission of a motion for decision.

The parties' reliance on section 581, subdivision (a)(6) is misplaced. The meaning of a trial in that section is not analogous to the meaning of a trial under section 170.4, subdivision (c)(1).

### DISPOSITION

The petition for writ of mandate/prohibition is denied. Each party to bear its own costs.

Kremer, P. J., and Work, J., concurred.