Filed 10/17/13  P. v. Dickey CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>IRA M. DICKEY,<br><br>    Defendant and Appellant. | D063790<br><br><br>(Super. Ct. Nos. SCD231183, SCD212263, SCD227452, SCE286737) |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Theresa O. Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

On the same day in March 2011, the trial court sentenced Ira M. Dickey in four separate cases and awarded him differing amounts of presentence custody credit in each case. In February 2013 Dickey filed a petition for writ of error *coram vobis* seeking an order directing the Department of Corrections and Rehabilitation to recalculate his release date based on the case in which he had earned the greatest number of presentence custody credits. The trial court denied the petition on both procedural and substantive grounds.

Dickey appeals. His appointed appellate counsel filed a brief requesting we independently review the record for error. (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) Having done so and having identified no reasonably arguable appellate issues, we affirm the judgment.

BACKGROUND

*Case No. SCD212263*

On September 23, 2008, Dickey pleaded guilty to owning and operating a chop shop (Veh. Code, § 10801) and being a felon in possession of a firearm (formerly Pen. Code, § 12021, subd. (a)(1), now Pen. Code, § 29800, subd. (a)(1)). The trial court sentenced him to four years and eight months in prison, but stayed execution of the sentence and placed him on three years of formal probation. The court also awarded him 348 days of presentence custody credit, consisting of 232 days of actual custody credit and 116 days of conduct credit under Penal Code section 4019.

2

On March 16, 2011, the court revoked Dickey's probation and imposed the previously stayed sentence of four years and eight months in prison. The court awarded him 661 days of presentence custody credit, consisting of 331 days of actual custody credit and 330 days of conduct credit under Penal Code section 4019.

*Case No. SCE286737*

On July 14, 2009, Dickey pleaded guilty to fraudulently using a contractor's license number (Bus. & Prof. Code, § 7027.3). The court suspended imposition of sentence and placed him on five years of formal probation.

On March 16, 2011, the court revoked Dickey's probation and sentenced him to three years in prison to run concurrently with the sentences in case numbers SCD231183, SCD227452, and SCD212263. The court awarded him 189 days of presentence custody credit, consisting of 95 days of actual custody credit and 94 days of conduct credit under Penal Code section 4019.

*Case No. SCD227452*

On January 28, 2011, Dickey pleaded guilty to unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)). On March 16, 2011, the court sentenced him to eight months in prison to run consecutive to his sentence in case number SCD231183. The court did not award him any presentence custody credit.

*Case No. SCD231183*

On January 28, 2011, Dickey pleaded guilty to possessing a controlled substance for sale (Health & Saf. Code, § 11378) and admitted having a prior conviction for the same offense (Health & Saf. Code, § 11370.2). On March 16, 2011, the court sentenced

3

him to five years in prison. The court awarded him 196 days of custody credit, consisting of 98 days of actual custody credit and 98 days of conduct credit under Penal Code section 2933.1.

*Writ of Error Coram Vobis*

In February 2013, Dickey filed a petition for writ of error *coram vobis* requesting the trial court direct the Department of Corrections and Rehabilitation to recalculate his release date based on the 661 days of presentence credit awarded in case number SCD212263, rather than the 196 days of presentence credit awarded in case number SCD231183.

The trial court denied the petition on procedural grounds because a petition for writ of error *coram vobis* is not appropriately addressed to the court that rendered judgment. (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 941, fn. 5 [a petition for writ of error *coram nobis* is addressed to the trial court and a petition for writ of error *coram vobis* is addressed to the appellate court].) The trial court also denied the petition on substantive grounds, explaining:

"[W]hen sentences in two or more cases are ordered to run concurrently, the 'controlling case' is the case with the longest period of imprisonment after deducting the total credits from the sentence imposed. . . . Case No. SCD 231183 is the controlling case, with the sentence in Case No. SCD 227452 running consecutively[.] . . . Case Nos. SCD 212263 and SCE 286737 are non-controlling cases. [¶] . . . Pre-sentence credit awarded in a non-controlling case has no effect on [Dickey's] ultimate release date. The law is clear that [Dickey] is not entitled to have pre-sentence credit in the non-controlling

4

case applied to the controlling case, and that he may not receive cumulative credit for the controlling and non-controlling cases. [Citations.]

"Even though sentences in two or more cases are served concurrently, each concurrent sentence is separately calculated. Here, the sentence in the controlling case, Case No. SCD 231183, is used to determine the release date. Contrary to [Dickey's] argument, credit against the sentence in a non-controlling case, such as Case No. [SCD] 212263, has no effect on how long [Dickey] must remain incarcerated. This is because when [Dickey] has completed the sentence in the non-controlling case, minus any credit against it, he would still need to serve the time (if any) left in the controlling case." (Bold face omitted.)

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal and instead requested we review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442. Counsel further identified two possible, but not reasonably arguable issues. (See *Anders v. California* (1967) 386 U.S. 738, 744.) These issues were: (1) whether the trial court erred in denying the petition for writ of error *coram vobis* on procedural grounds; and (2) whether the trial court erred in denying Dickey's request to have his release date recalculated based on the additional presentence custody credits awarded in SCD212263.

We granted Dickey permission to file a supplemental brief on his own behalf. He did not do so.

As requested by counsel, we reviewed the record for error and did not find any reasonably arguable appellate issues. Dickey has been competently represented by counsel on this appeal.

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

6