Filed 2/8/21  Randall v. Superior Court CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JEFFREY RANDALL,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>Respondent;<br><br><br>FANCHON BRIANNA CALDWELL, et al.,<br><br>Real Parties in Interest. | A161750<br><br>(San Mateo County Super. Ct. Nos. FAM0123273, FAM0129072, FAM0131885,16-FAM-00725, & 16-FAM-00587) |

BY THE COURT[1]:

In accordance with our prior notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.)  Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument.  (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown,*

---

[1] Before Kline, P.J., Richman, J., and Stewart, J.

*Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

The record reflects petitioner filed his verified statement of disqualification on December 1, 2020, but Judge Dabel did not strike the statement of disqualification or answer until December 18, 2020, beyond the prescribed ten-day period. (Code Civ. Proc., sections 170.3(c) and 170.4(b); *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 972 [ten-day time limit imposed by section 170.3(c) is the only restraint on the power retained by a judge to strike a statement of disqualification pursuant to the guidelines of section 170.4(b)].) A "judge must strike the insufficient statement within the 10–day period prescribed in section 170.3, subdivision (c)(3) for filing an answer. Thereafter, the judge is deemed disqualified and has no power to act in the case." (*Urias v. Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 420–421.)

Therefore, let a peremptory writ of mandate issue directing respondent superior court to (1) set aside and vacate the December 18, 2020 "Order Striking Statement of Disqualification; in the Alternative, Verified Answer of Judge Sean P. Dabel" and (2) reassign the above-captioned cases from Judge Dabel to another judge. The temporary stay imposed January 13, 2021 is dissolved.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The remittitur will issue immediately upon the finality of this opinion as to this court, should the parties so stipulate. (Cal. Rules of Court, rules 8.272(c)(1) and 8.490(d).)

2