Filed 3/4/14  McClain v. Wells Fargo Bank CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NATTINEQUE A. McCLAIN, | B247246 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC450586) |
| v. | |
| WELLS FARGO BANK, N.A. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  David L. Minning, Judge.  Dismissed.

Nattineque A. McClain, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Erik W. Kemp, Elizabeth H. Andrews and Kerry Franich for Defendants and Respondents.

_____

Appellant Nattineque A. McClain (McClain) appeals the trial court's order "lifting the . . . stay pending the appeal which constituted an[] abuse of the court's discretion. Whether a Writ of Mandamus should issue ordering this court to reimpose the Stay." We dismiss the appeal for the following reasons: (1) the only issue raised by this appeal was already decided by this court; (2) the appeal is moot; and (3) the appellate record is inadequate.

## FACTUAL AND PROCEDURAL BACKGROUND

As discussed below, McClain did not provide us with an adequate record from which we could discern the underlying facts. In order to provide context to this appeal, we refer to facts and portions of the appellate record contained in McClain's contemporaneous appeal of a trial court judgment of dismissal (*McClain v. Wells Fargo Bank, N.A.* (Mar. 4, 2014, B244978) [nonpub. opn.]).

*Factual Background*

In September 2005, McClain obtained a $375,000 refinance loan from respondent Wells Fargo Bank, N.A. (Wells Fargo). To secure the loan, she signed a deed of trust encumbering her residence in Los Angeles.

Wells Fargo assigned its beneficial interest in the deed of trust to HSBC Bank USA, N.A. (HSBC), as trustee.

McClain defaulted. A notice of default was recorded against the property in July 2008. By that time, the loan was over $57,000 in arrears. At a duly noticed trustee's sale held in July 2009, HSBC purchased the property.

*Procedural Background*

In August 2009, HSBC filed an unlawful detainer action against McClain in Santa Monica. Eventually, HSBC's motion for summary judgment was granted and judgment was entered in its favor. McClain appealed, and her appeal was dismissed.

On December 3, 2010, McClain filed her initial complaint against Wells Fargo and HSBC in this action. While Wells Fargo and HSBC's demurrer was pending, and just before McClain filed a first amended complaint, the trial court entered an order finding that this action and the unlawful detainer action were related cases. The order stayed all

2

proceedings in the unlawful detainer action and transferred that action to the same department (Los Angeles) in which McClain's civil suit was pending.

Later, McClain filed a second amended complaint. Wells Fargo and HSBC demurred to that pleading, and the trial court sustained their demurrer without leave to amend. A judgment of dismissal was entered, and McClain timely filed a notice of appeal.[1]

Meanwhile, when the trial court sustained Wells Fargo and HSBC's demurrer, it lifted the stay and transferred the unlawful detainer action back to Santa Monica for any and all proceedings.

In December 2012, in the unlawful detainer action, McClain filed an ex parte application for a stay of execution of the writ of possession. The trial court denied her application.

In January 2013, McClain filed a petition for writ of supersedeas in her appeal from the judgment of dismissal. (*McClain v. Wells Fargo Bank, N.A., supra,* B244978.) We denied that petition.

In February 2013, McClain filed an ex parte application "to stay judgment and writ of possession during the pendency of her appeal" in the civil action. The trial court denied that application.

Later that month, McClain filed a petition for writ of mandate in the Los Angeles County Superior Court's Appellate Division, seeking a stay of execution of the writ of possession while her appeal from the judgment in her civil suit was pending. That petition was denied.

On March 1, 2013, the writ of possession was returned to the unlawful detainer court satisfied.

---

[1]    On March 4, 2014, we affirmed the trial court's order and judgment. (*McClain v. Wells Fargo Bank, N.A., supra,* B244978.)

On March 4, 2013, McClain filed a notice of appeal from the trial court order denying her ex parte application for a stay in this case. That appears to be the order that McClain has asked us to review in this appeal.

In July 2013, McClain filed another petition for a writ of supersedeas in her appeal from the judgment of dismissal, this time seeking to avoid expungement of her lis pendens. On August 7, 2013, we denied that petition.

## DISCUSSION

I. *This court has already decided the only issue raised by this appeal*

As set forth above, McClain filed a petition for writ of supersedeas, seeking a stay of the unlawful detainer judgment in her civil action. On August 7, 2013, we summarily denied her petition. As this appeal presents nothing new, there is no reason for us to revisit the issue.

II. *The appeal is moot*

It is well-established that courts do not decide questions whose answers will "'have no practical effect or cannot provide the parties with effective relief.'" (*Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc.* (2010) 190 Cal.App.4th 1502, 1519.) Such questions are moot—that is, "'abstract questions of law'" not born of an "'actual controversy between [the] parties.'" (*Ibid.*)

The only relief McClain seeks in this appeal is for "the Appellate Court [to] direct the trial court to reimpose the stay pending the outcome of the appeal of the granting of the demurrer without leave to amend." In other words, McClain would like us to order a stay of execution of the unlawful detainer judgment pending resolution of her appeal from the judgment dismissing her civil action.

However, staying execution of the unlawful detainer judgment now would have no practical effect because that judgment has already been fully executed. The writ of possession was returned satisfied in March 2013. McClain was then evicted. There is nothing to stay.

Moreover, in September 2013, after McClain's lis pendens was expunged, her former residence was sold to a bona fide purchaser unaffiliated with either respondent in

4

this action. The rights of that purchaser cannot be affected by any order this court could enter in a proceeding to which the purchaser is not a party. So, there is no practical relief that we can award, even if we were to decide that a stay should have been issued a year ago.

Accordingly, McClain's appeal is moot.

III. *McClain has not demonstrated reversible error*

Even if we were not to dismiss the appeal, the trial court's order must be affirmed.

In addressing an appeal, we begin with the presumption that a judgment or order of the trial court is presumed correct, and reversible error must be affirmatively shown by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant must "present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court, rule 8.204(a)(1)(B)) and cite to the record to direct the reviewing court to the pertinent evidence or other matters in the record that demonstrate reversible error (Cal. Rules of Court, rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). It is not our responsibility to comb the appellate record for facts, or to conduct legal research in search of authority, to support the contentions on appeal. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) An appellant's "[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]. [Citation.]" (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) If the appellant fails to cite to the record or relevant authority, we may treat the issue as waived. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.)

Moreover, McClain's election to act as her own attorney on appeal does not entitle her to any leniency as to the rules of practice and procedure; otherwise, ignorance is unjustly rewarded. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Lombardi v. Citizens Nat. Trust Etc. Bank* (1955) 137 Cal.App.2d 206, 208–209; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

The appellate record supplied by McClain is woefully inadequate. Although she is asking us to evaluate the trial court's discretion in denying a stay of the unlawful detainer judgment, she failed to provide us with a copy of respondents' opposition to her stay application and the trial court's reasons for denying the stay. Also missing are her copies of her second amended complaint. In short, McClain has not overcome the presumption of correctness of the trial court's order because she has not provided an adequate record. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320–1321.)

McClain's opening brief is no better. The statement of facts contains no citations to the record whatsoever. The "argument" section contains a generic discussion of the law governing writs of mandate, but offers no analysis of how that law applies to the issues she raises on appeal. "[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

In the "conclusion" section of her opening brief, McClain suggests that her appeal automatically stayed proceedings in the unlawful detainer action pursuant to Code of Civil Procedure section 916. Code of Civil Procedure section 916, subdivision (a), provides that an appeal stays "proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." An appeal does not stay proceedings on "ancillary or collateral matters which do not affect the judgment [or order] on appeal" even though the proceedings may render the appeal moot. (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 938.)

Here, the enforcement of the unlawful detainer judgment is not a proceeding on the judgment of dismissal of McClain's civil suit. Rather, it was rendered in a separate action. Though the two separate proceedings were pending in the same department for a time as related proceedings, they were never consolidated, and the order sustaining the demurrer severed the cases, sending the unlawful detainer action back to the department

6

that had originally handled it for any further proceedings.  Thus, the judgment dismissing the civil suit did not affect the previously entered unlawful detainer action or vice versa. If McClain's appeal from the judgment had any merit, then we would have reversed the judgment and remanded for further proceedings on her second amended complaint, regardless of the fact that the unlawful detainer judgment had been enforced meanwhile.

**DISPOSITION**

The appeal is dismissed.  Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
BOREN

_____, J.*
FERNS

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7