Filed 3/2/16  Marriage of Wolff and Banerjee CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of DONALD WOLFF and NANDITTA BANERJEE. | |
| DONALD WOLFF,<br><br>        Appellant,<br><br>v.<br><br>NANDITTA BANERJEE,<br><br>        Respondent. | A144094<br><br>(Contra Costa County<br>Super. Ct. No. MSD10-6091) |

In this family law dissolution proceeding, the court entered judgment after trial on reserved issues, including division of the community.  After notice of entry of judgment, appellant Donald Wolff moved for reconsideration on the basis of new evidence that he had purportedly discovered after trial.  The court denied the motion.  We affirm the judgment.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Appellant Donald Wolff appeared pro se in the trial court and represents himself in this appeal.[1]  As is often the case in such matters, we are provided with a limited—and inadequate—record for review.  As relevant here, the family law court conducted a bench trial on reserved issues, including division of the community obligations and assets, on August 19 and October 16, 2014.  Those proceedings were not reported.  The court made

---

[1] Respondent Nanditta Banerjee has not appeared in this appeal.

findings and issued orders from the bench following each hearing. The record reflects no request by either party for a statement of decision. A "Judgment on reserved issues" (Judgment) was entered on November 21, 2014. Notice of entry of judgment was filed and served by the clerk of the court on the same date. On December 1, 2014, Wolff filed a motion for reconsideration pursuant to Code of Civil Procedure section 1008, alleging that "new facts or circumstances have been discovered since the date of the order in that [Wolff] has discovered documentation that proves he had paid expenses that were community debt with personal monies after the date of separation."[2] He further alleged in his declaration that money considered community funds were in fact his separate property earned after the date of separation. He also asserted that there were "Errors located in Clerk Notes for both dates of trial." He asked that the court "modify, amend or revoke the order Judgment on/for Reserved issues [*sic*]." Hearing on Wolff's motion was held on January 13, 2015. The court declined to accept additional exhibits offered by Wolff and denied the motion.[3] Wolff filed his notice of appeal on January 20, 2015.

## II.    DISCUSSION

A.    *Motion for Reconsideration*

Wolff complains that, at the January 13, 2015 hearing, the trial court refused to consider "important new evidence" and refused to accept his evidence to be lodged for appeal. We need not address the merits of Wolff's reconsideration motion. Judgment was entered on November 21, 2014. After entry of judgment, the court did not have jurisdiction to entertain or decide a motion for reconsideration. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859, fn. 29: *In re Marriage of Condon* (1998) 62 Cal.App.4th 533, 541, fn. 8; *Betz v. Pankow* (1993) 16 Cal.App.4th 931, 937–938 [Code Civ. Proc., § 1008 is directed to *interim* rulings].)

---

[2] A motion for reconsideration of an *order* requires a showing of "new or different facts, circumstances, or law" in support of the motion. (Code Civ. Proc., § 1008, subd. (a); cf. *id.*, § 657 [specifying grounds for motions for new *trial*].)

[3] As we discuss *post*, Wolff submits voluminous "exhibits" with his appeal.

B.    *The November 21, 2014 Judgment*

Wolff's notice of appeal challenges only the November 21, 2014 judgment.  We first address the state of the record before us.  "The party seeking to challenge an order on appeal has the burden to provide an adequate record to assess error.  [Citation.]  Where the party fails to furnish an adequate record of the challenged proceedings, his claim on appeal must be resolved against him."  (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46.)

Our official record consists of the register of actions, including the clerk's minutes for the August 19 and October 16, 2014 hearings, and the Judgment itself.  Proceedings were not reported for either hearing.[4]  Witnesses, including the parties, were sworn and testified on both dates.  Minutes of the August hearing reflect that the following exhibits of Banerjee's were admitted by stipulation of the parties:  "Exhibits A–F and G–I which are all appraisals of the various properties owned by the parties"; and "Exhibits J–T which are property management statements for the various properties managed for the parties."  Also admitted for Banerjee was "Exhibit II:  Greengate property management statement."  As to Wolff's evidence, the minutes recite that "[Wolff] identifies his Exhibits 2 through 15 but admits none on this date."  No exhibits were identified by either party or admitted at the October 16 hearing.  The minutes from that date reflect that, at the conclusion of the hearing, "Exhibits are returned to each party."

Wolff does not provide copies of any of Banerjee's exhibits actually admitted at trial.  He alleged that he requested documents from her counsel, pursuant to California Rules of Court, rule 8.124(c),[5] and requested assistance from this court in obtaining

_____

[4] The Superior Court of Contra Costa County, Local Rules, rule 5.9(f)(1) advises the parties that no court reporters are employed by the court in family law departments, and that "[t]here will be no official record of the proceedings unless a party who desires an official record makes arrangements for a private certified court reporter as set forth in Local Rule 2.51."

[5] California Rules of Court, rule 8.124(c) provides, in pertinent part:  "If a party preparing an appendix wants it to contain a copy of a document or an exhibit in the possession of another party:  [¶] (1) The party must first ask the party possessing the

3

documents from Banerjee. By order of July 21, 2015, we denied the request for assistance, *without prejudice*, on the grounds that the motion did not state that the documents he requested from Banerjee's counsel were documents filed or lodged in the trial court, and did not sufficiently " 'identify[] the document or specify[] the exhibit's trial court designation[.]' (Cal. Rules of Court, rule 8.124(c)(2).)" Wolff submits no evidence of any further effort to obtain or provide the trial exhibits. Lacking a transcript of witness testimony, there is no indication that Wolff made any effort to use the settled statement process to remedy this deficiency in the record. (Cal. Rules of Court, rule 8.137.)

In his declaration submitted with the motion for reconsideration, Wolff disputed the entry in the clerk's minutes stating that none of his exhibits, which he says were compiled and submitted in a binder, had been admitted in evidence.[6] At the January 13, 2015 hearing, Wolff submitted exhibits, which the court indicated it had read. Wolff asked that his exhibits submitted for that hearing, plus "additional items, S through Z" be "submitted to the court and held for appeal." These items were clearly not his trial exhibits. The court declined to admit them saying, "Sir, what you're doing is submitting—trying to submit evidence now that you could have submitted for trial. . . . You didn't bring all these documents into trial then. . . . We went forward with the evidence we had, and I ruled based on the evidence I had." Wolff attached to his trial court notice designating the record on appeal a "Hearing Evidence Index" listing items "A" through "Z," presumably those items which he sought to introduce on January 13, 2015. In addition to the trial court's clear statement that the items (A–Z) that Wolff

document or exhibit to provide a copy or lend it for copying. All parties should reasonably cooperate with such requests. [¶] (2) If the attempt under (1) is unsuccessful, the party may serve and file in the reviewing court a notice identifying the document or specifying the exhibit's trial court designation and requesting the party possessing the document or exhibit to deliver it to the requesting party or, if the possessing party prefers, to the reviewing court. The possessing party must comply with the request within 10 days after the notice was served."

[6] Wolff asserts other errors as well.

submitted had not been presented at trial, the index description does not conform to his numerical trial exhibit designation on August 19, 2014.  A review of the document descriptions in Wolff's index further confirms that several of the documents were copies of earlier court documents (e.g., Exhibits A–C) or created after trial (e.g., Exhibits W, Y, Z), and thus could not have been his trial exhibits.

Rather than provide copies of the 14 numerically designated exhibits (Exhibits 2–15) which he marked for identification on August 19, 2014, Wolff submits 1566 pages of documents as exhibits here.[7]  While ostensibly submitted as an "appendix," the documents completely fail to comply with the form required by the rules of court.  (Cal. Rules of Court, rules 8.124(d), 8.144(b)–(d); Ct. App., First Dist., Local Rules, rule 16(d)(1).)  In his opening brief, Wolff "attests" that "to the best of my knowledge the evidence I submit is the same as lodged at trial," but he  makes no attempt to correlate any of it with his numerical trial exhibit designations.  It is difficult to see how the voluminous documents he provides to us could actually be copies of his trial exhibits.  The first volume alone contains 217 pages covering seven different identified categories of documents, none of which have adequate identifying tabs.  Wolff's document headings in his indices list at least 50 different categories.  His category designations contain argument as much as description (e.g., "Judge Refused $27,000 In Epstein Credits To Donald").  Even if we were to give credence to his highly questionable "attestation," the official court record still shows that none of it was offered in evidence.  While Wolff disputes this, the minutes are presumptively correct.  (*Fergus v. Songer* (2007) 150 Cal.App.4th 552, 565 [Evid. Code, § 664 presumption that "official duty has been regularly performed" applies to the duties of clerks of court].)  Moreover, even if every

---

[7] On June 12, 2015, we granted in part Wolff's "Motion for the Admission of Petitioner's Evidence to Appeal," allowing him to provide copies "only to exhibits lodged at trial," and *denying* his request to include in the record exhibits presented to the court at the January 13, 2015 hearing.

page he submits to us actually had been received and considered by the trial court, his failure to provide the *entire* record and *all* exhibits is fatal to his appeal.[8]

"[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent. [Citation] Thus, appellants who challenge the decision of the trial court based upon the absence of substantial evidence to support it ' "are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*. Unless this is done the error is deemed waived." ' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) Here the family court took testimony and considered extensive documentary evidence, none of which Wolff provides, or even acknowledges.

Moreover, neither party requested a statement of decision, which would have explained the bases for the court's decision. (See Code of Civ. Proc., § 632) " 'Under these circumstances, all intendments favor the ruling below . . . and we must assume that the trial court made whatever findings are necessary to sustain the judgment.' " (*Oceguera v. Cohen* (2009) 172 Cal.App.4th 783, 794.)

We are required to presume that the record contains evidence to support every finding of fact, unless an appellant affirmatively shows otherwise. (*Huong Que, Inc. v Luu* (2007) 150 Cal.App.4th 400, 409.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) Without an adequate record, Wolff cannot meet this burden. If the record is inadequate for meaningful review, " 'the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

### III.    DISPOSITION

The judgment is affirmed.

---

[8] As noted *ante*, there is no indication that Wolff made any effort to use the settled statement process pursuant to California Rules of Court, rule 8.137 to remedy deficiencies in the record.

                                          _____

BRUINIERS, J.


WE CONCUR:


_____

SIMONS, Acting P. J.


_____

NEEDHAM, J.

A144094