Filed 2/25/25  Marriage of Tsatryan CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re the Marriage of ARTHUR and POLINA TSATRYAN. | B332042 |
| | (Los Angeles County Super. Ct. No. BD512645) |
| ARTHUR TSATRYAN, | |
| Appellant, | |
| v. | |
| POLINA TSATRYAN, | |
| Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, David W. Swift, Judge.  Affirmed in part; dismissed in part.

Arthur Tsatryan, in pro. per., for Appellant.

No appearance for Respondent.

_____

In May 2015 the family court entered a judgment of dissolution of Arthur and Polina Tsatryan's marriage. For nearly a decade since then, Arthur and Polina[1] have litigated claims relating to their former marital residence, and Arthur has filed 17 appeals from the family court's orders and judgments.

Arthur now appeals from the family court's July 14, 2023 order denying his motion to vacate all orders made by Judge Dean H. Hansell, who presided over the matter from October 3, 2019 until June 15, 2022, when Judge Hansell recused himself from the proceeding. Arthur contends the court failed to respond in a timely way to his January 2020 verified statement of disqualification for cause he filed against Judge Hansell under Code of Civil Procedure section 170.3.[2] Thus, he argues, Judge Hansell was automatically disqualified from the case and his orders were rendered void. However, the record reflects that Judge Hansell timely filed an answer and struck Arthur's statement of disqualification.

Accordingly, we affirm the order denying Arthur's motion to vacate Judge Hansell's orders. We dismiss Arthur's purported appeals from three other orders that are not properly before us.

---

[1] We refer to Arthur and Polina by their first names to avoid confusion.

[2] Further undesignated statutory references are to the Code of Civil Procedure.

2

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Judgment of Dissolution and Santa Clarita Property*[3]

Arthur and Polina were married on August 5, 1987.  They separated in August 2009, and Arthur filed a petition for dissolution of marriage on September 23, 2009.

After a five-day trial, on May 21, 2015 the family court[4] entered a judgment of dissolution.  The court found the family residence in Santa Clarita (Santa Clarita property) was community property, awarded Polina sole custody of their 14-year-old son (now an adult), and ordered Arthur to pay child support.  Arthur appealed from the judgment, and we affirmed. (*In re Marriage of Tsatryan* (Feb. 13, 2018, B265467) [nonpub. opn.].)

In September 2015 Polina filed a request for order partially vacating the judgment of dissolution as to the division of the Santa Clarita property.  Polina's attorney submitted a declaration stating Arthur secretly caused seven deeds of trust to be recorded against the Santa Clarita property on the eve of trial in favor of Arthur's friends and relatives, creating total encumbrances of $583,000, substantially all of the property's value.

On January 26, 2016 the family court issued an order finding Arthur encumbered the Santa Clarita property in

---

[3]  Our discussion of the factual and procedural history between 2009 and 2021 is taken from *In re Marriage of Tsatryan* (Feb. 14, 2024, B327366) (nonpub. opn.) and *In re Marriage of Tsatryan* (Aug. 20, 2024, B323246) (nonpub. opn.).

[4]  Judge Mark A. Juhas presided over the trial and signed the judgment of dissolution.

3

violation of the family law restraining order. The court observed that the deeds of trust had "'no corresponding promissory notes and no loan repayment terms'" and "'[t]here is no evidence that [Arthur] received the funds from these [e]ncumbering [d]eeds.'" The court found by clear and convincing evidence that Arthur's "'egregious'" breach of fiduciary duty constituted malice, oppression, or fraud under Civil Code section 3294. (*In re Marriage of Tsatryan* (Jan 14, 2019, B270784) [nonpub. opn.].)

The family court awarded Polina 100 percent of the Santa Clarita property pursuant to Family Code section 1101, subdivision (h), and ordered Arthur to execute an interspousal transfer deed transferring his entire interest in the property to Polina as her sole and separate property. The court retained jurisdiction over the Santa Clarita property, execution of the interspousal transfer deed, and all issues related to the encumbering deeds. Arthur appealed, and we affirmed. (*In re Marriage of Tsatryan, supra*, B270784.)

B.    *Polina's 2016 Complaint for Fraudulent Transfer and Arthur's Cross-complaint*

On August 2, 2016 Polina filed a "complaint in joinder" (complaint) in the dissolution action asserting causes of action for fraudulent transfer and declaratory relief against Arthur and the seven transferees on the encumbering deeds. Polina alleged that Arthur, with the cooperation of the transferees, executed and recorded the deeds of trust to deprive Polina of her community interest in the Santa Clarita property. Polina principally sought voidance of the transfers, although she prayed for compensatory damages, punitive damages, and attorneys' fees and costs.

4

On August 15, 2017 Arthur filed a general denial to Polina's complaint and a cross-complaint asserting causes of action for fraud, libel, defamation, and conspiracy against Polina and Doe defendants. Arthur alleged Polina submitted false declarations and evidence in the dissolution proceeding denying that she had gifted Arthur her interest in the property in 2003;[5] she made defamatory statements that Arthur had engaged in fraud; and she conspired with her divorce lawyers to deprive Arthur of his home and take his money.[6]

On October 3, 2019 the matter was assigned to Judge Hansell. On December 11, 2019 the family court issued an order bifurcating the trial on Polina's complaint into three phases: first, a default prove-up trial as to six transferees "who were served, failed to appear and against whom default was taken"; second, a court trial against the sole transferee who made an appearance, Lyudmila Yesayeva; and finally, a trial of Polina's claims against Arthur, which would proceed at a later date because Arthur claimed he "'would need at least thirty trial days

---

[5] On Arthur's appeal from the dissolution judgment, we held that substantial evidence supported the family court's finding that Polina did *not* gift Arthur the Santa Clarita property. (*In re Marriage of Tsatryan, supra*, B270784.)

[6] In October 2017 Arthur filed a civil complaint against Polina and her lawyers, asserting causes of action for conspiracy, fraud, and defamation based on substantially the same allegations set forth in his cross-complaint in the family law action. Our colleagues in Division Four of the Second District recently affirmed the orders granting several defendants' special motions to strike that complaint and declared Arthur a vexatious litigant based on his numerous meritless appeals. (*Tsatryan v. Fernandez* (Apr. 30, 2024, B326148) [nonpub. opn.].)

and that his defense will involve the introduction of hundreds of documents.'" (*In re Marriage of Tsatryan* (Apr. 18, 2022, B305927) [nonpub. opn.].)  The court also set an order to show cause for April 10, 2020 (later continued) as to why Arthur's cross-complaint should not be transferred to a civil division pursuant to California Rules of Court, rule 5.17.

On January 16, 2020 Arthur filed a verified statement of disqualification for cause against Judge Hansell (§ 170.3, subd. (c)(l)).  Arthur averred, in pertinent part, that Judge Hansell "falsified the record" by mischaracterizing Arthur's various requests for orders seeking to challenge Polina's multiyear delay in serving her complaint, and the judge "lack[ed] law knowledge, fail[ed] to follow [the] law, [and] express[ed] partiality, bias, and favoritism" toward Polina when the court declined to dismiss Polina's complaint at hearings on November 12 and December 13, 2019 based on her purported lack of diligence.

On the same day Arthur filed his statement of disqualification, the family court filed an order striking the statement, which included a verified answer in which Judge Hansell attested that he was not biased against or in favor of any party, he did not have any disqualifying relationships with the parties or their lawyers, and he knew of "no facts or circumstance which would require my disqualification nor recusal in this case."  The court also found Arthur's statement of disqualification was untimely because Arthur delayed more than two months from the challenged hearings in November and

6

December,[7] and the statement was based solely on Arthur's subjective belief about the judge's bias and Arthur's disagreement with the court's rulings. On February 7, 2020 Arthur filed a "notice of non-opposition" to his statement of disqualification claiming that he received no response to his statement. On February 18 the superior court clerk filed and served a notice of entry of order stating the court had served the January 16 order striking Arthur's statement.

The default prove-up trial as to the six defaulting transferees commenced on January 27, 2020, and on February 27 the family court entered a default judgment against them and voided the deeds of trust executed in their favor. Polina's claims against Yesayeva were tried in a bifurcated court proceeding on January 27, and on February 27 the court entered a judgment voiding Yesayeva's deed of trust. Arthur appealed from the judgments against the transferees, and we dismissed his appeal for lack of standing. (See *In re Marriage of Tsatryan* (Apr. 18, 2022, B305927) [nonpub. opn.].)[8]

---

[7] Section 170.3, subdivision (a)(1), provides that a statement of disqualification "shall be presented at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification." On December 9, 2019 Arthur made an oral request to disqualify Judge Hansell based on the November 12 hearing. The family court struck this request because it did not comport with the requirement for a verified written statement in section 170.3, subdivision (c)(l). In any event, on December 9 Judge Hansell executed a verified answer denying any basis for disqualification.

[8] On an appeal filed by one of the transferees, Vyacheslav Shirinyan, we directed the family court to vacate the default and

On August 18, 2021 the family court set an order to show cause why it should not dismiss Arthur's cross-complaint without prejudice, on the basis that Arthur's claims for fraud, libel, and conspiracy were beyond the family court's jurisdiction over the marital property and should be pursued in a civil action. Finding that Arthur declined to provide testimony at the hearing on the order to show cause, on November 15, 2021 the court dismissed Arthur's cross-complaint without prejudice.

On June 15, 2022 the family court filed a minute order stating, "The Court recuses itself from further involvement in this proceeding." The order did not specify the basis for Judge Hansell's recusal, and there were no pending requests for disqualification.[9] The presiding judge reassigned the matter to another department, and Judge Hansell made no further orders.

---

default judgment against Shirinyan and to set a date for Shirinyan to answer the complaint. (*In re Marriage of Tsatrayan* (Sept. 22, 2022, B311072) [nonpub. opn.].) Polina's claims against Shirinyan are not at issue in this appeal.

[9]     On November 15, 2021, in connection with the hearing at which the family court dismissed Arthur's cross-complaint, Arthur made a second oral demand to disqualify Judge Hansell, which the court struck. Arthur appealed, and on April 12, 2022 the Administrative Presiding Justice of the Second District dismissed the appeal, holding an order denying disqualification is not an appealable order. (*In re Marriage of Tsatryan* (Apr. 12, 2022, No. B318024) [nonpub. order].) In yet another appeal, we likewise declined to consider Arthur's contention that Judge Hansell should have been disqualified. (*In re Marriage of Tsatryan* (Apr. 18, 2022, No. B305927) [nonpub. opn.].) The remittitur for the April 12, 2022 dismissal was filed in the superior court on June 15, 2022, the same day Judge Hansell recused himself.

C.    *Arthur's Motion To Vacate Judge Hansell's Orders*

On May 17, 2023 Arthur filed a "motion to void each and all orders" made by Judge Hansell (motion to vacate).[10] (Capitalization and boldface omitted.)  The notice of motion did not specify the legal grounds for relief.  In his memorandum and supporting declaration, Arthur asserted Judge Hansell failed to timely respond to his January 16, 2020 statement of disqualification; as a result, under section 170.3, subdivision (c)(4), Judge Hansell was automatically disqualified.[11]  Arthur further argued that Judge Hansell continued to preside over the matter for more than two years, during which time the court dismissed Arthur's cross-complaint and "fraudulently remov[ed] liens from [Arthur's] former sole and separate [Santa Clarita] property," before Judge Hansell finally recused himself on June 15, 2022.  Citing *Christie v. City of El Centro* (2006) 135 Cal.App.4th 767, 776 for its holding that "disqualification occurs when the facts creating disqualification arise, not when disqualification is established," Arthur argued

---

[10]    We use the term "motion to vacate" as the customary term for a motion to set aside the rulings of a disqualified judge pursuant to section 170.3, subdivision (b)(4).  (See, e.g., *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 975; *Leland Stanford Junior University v. Superior Court* (1985) 173 Cal.App.3d 403, 406.)

[11]    Section 170.3, subdivision (c)(4), provides in relevant part, "A judge who fails to file a consent or answer [to a verified statement of disqualification] within the time allowed [10 days] shall be deemed to have consented to his or her disqualification and the clerk shall notify the presiding judge or person authorized to appoint a replacement of the recusal . . . ."

9

"[t]he facts creating disqualification first ar[o]se on November 12, 2019. . . . As such, each and all rulings, orders, and judgments of dishonest, crooked, and corrupt judge Dean Hansell must be declared [v]oid." Polina did not file a response to Arthur's motion.

After a hearing, on July 14, 2023 the family court (Judge David W. Swift) denied Arthur's motion. The court's minute order did not set forth the grounds for its ruling, and there is no reporter's transcript in the appellate record (although a court reporter was present at the hearing). Arthur timely appealed the denial of the motion.[12]

---

[12] On July 14, 2023 the family court also entered an order denying Arthur's motion for reconsideration of a May 12, 2023 order denying Arthur's motion pursuant to section 583.360 to dismiss Polina's complaint against him for failure to bring the matter to trial within five years. Arthur's notice of appeal also purports to appeal from this order. On December 12, 2024 we requested that Arthur file a supplemental brief addressing whether a judgment had been entered on Polina's complaint and on what basis denial of his section 583.360 motion (or the reconsideration motion) was appealable under section 904.1. In his December 19, 2024 supplemental letter brief, Arthur did not provide a judgment and did not object to dismissal of his appeal of the section 583.360 motion. We dismiss that appeal as taken from a nonappealable order. (See *Tomales Bay Oyster Corp. v. Superior Court of San Francisco* (1950) 35 Cal.2d 389, 392 ["order refusing to dismiss the action [based on former section 583] was not appealable"]; see also *J.C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 669 ["Either a writ of mandate to compel dismissal or a writ of prohibition to prevent the trial of the action is an appropriate remedy after the time prescribed by section 583 has expired."].)

## DISCUSSION

Arthur contends the family court should have granted his motion to vacate Judge Hansell's orders because Judge Hansell was automatically disqualified on January 16, 2020 upon the filing of Arthur's section 170.3 statement of disqualification given the family court's "failure to serve the answer." Further, Judge Hansell's recusal in June 15, 2022 "under the pressure of evidence of his misconduct and Arthur's demand" applied retroactively to the date when the facts creating disqualification arose, i.e., November 2019.[13] Arthur's contentions lack merit.

---

[13] For the first time in his opening brief, Arthur also identifies a March 19, 2021 "notice and order of case reassignment" (capitalization omitted) issued by the presiding judge of the family law division stating, "You are notified that effective May 21, 2018 your case previously assigned to Department L at the Norwalk Courthouse, is reassigned to Department 301, Judge James Horan, for all further proceedings located in the Whittier Courthouse." Arthur argues that despite this order, "Judge Hansell kept the case in his Department, lacking the power to do so." Although the March 19, 2021 reassignment order is included in the family court docket for this action, the reassignment order does not contain a case number, and the proceeding was never assigned to the Norwalk courthouse. We assume the reassignment order was a clerical error or that it relates to one of Arthur's other lawsuits, but in any event, Arthur forfeited his contention the order voids Judge Hansell's orders by failing to raise it in his motion below. (See *Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 ["'Failure to raise specific challenges in the trial court forfeits the claim on appeal.'"]; accord, *Valencia v. Mendoza* (2024) 103 Cal.App.5th 427, 441, fn. 16 [same].)

11

As discussed, on the same day Arthur filed his statement of disqualification (January 16, 2020), the family court entered a timely order signed by Judge Hansell striking the statement, accompanied by a verified answer refuting any basis for disqualification. The filed order bears the superior court deputy clerk's stamp and signature dated January 16. The court advised the parties at a hearing held on January 16 that it was striking the statement of disqualification pursuant to section 170.4, subdivisions (b) and (c)(3), and that a written order would follow. Notwithstanding the filing of the order and answer (and notice at the hearing), Arthur filed a declaration on February 7 stating the court had not responded to his statement of disqualification. On February 18 the court clerk filed and served Arthur with a proof of service attesting that on that date it had mailed the order and answer to Arthur. Therefore, Judge Hansell was not automatically disqualified, as argued by Arthur, under section 170.4, subdivision (c)(4), which provides that a "judge who fails *to file* a consent or answer within the time allowed shall be deemed to have consented to his or her disqualification." (Italics added.) The answer was timely filed on January 16 pursuant to section 170.3, subdivision (c)(3), which requires the answer be filed within 10 days after the filing or service of the statement of disqualification.[14]

Most significantly, because the court struck the statement of disqualification, Arthur's only avenue for review of his allegations of disqualifying conduct was by a timely writ petition. (*People v. Panah* (2005) 35 Cal.4th 395, 444-445; § 170.3,

---

[14] Arthur's contention that Judge Hansell was automatically disqualified because the clerk did not timely *serve* the answer is not supported by section 170.3, subdivision (c)(3) or (c)(4).

12

subd. (d) ["The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate. . . . The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification."].) Arthur cannot circumvent the statutory writ review process by styling his challenge (three years later) as a motion to vacate. Accordingly, we affirm the denial of Arthur's motion to vacate to the extent it is based on Judge Hansell's failure to disqualify himself in response to Arthur's statement of disqualification.

Arthur also contends the family court (Judge Swift) abused its discretion by denying Arthur's motion to vacate based on Judge Hansell's June 15, 2022 recusal. As discussed, Judge Hansell did not state a basis for disqualification, and there were no pending challenges. In light of Arthur's allegations, the only putative bases for Judge Hansell's recusal would be under section 170.1, subdivision (a)(6)(A), which provides for disqualification "[f]or any reason" if a judge believes "his or her recusal would further the interests of justice"; "there is a substantial doubt as to his or her capacity to be impartial" (*id.*, subd. (a)(6)(A)(i)-(ii)); or "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial" (*id.*, subd. (a)(6)(A)(iii)).

Section 170.3, subdivision (a)(1), provides, "If a judge determines himself or herself to be disqualified, the judge shall notify the presiding judge of the court of his or her recusal and shall not further participate in the proceeding. . . ." Section 170.3, subdivision (b)(4), specifies, "If grounds for disqualification are first learned of or arise after the judge has

13

made one or more rulings in a proceeding, but before the judge has completed judicial action in a proceeding, the judge shall . . . disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge." Thus, "orders issued prior to disqualification are voidable rather than void." (*Conservatorship of Tedesco* (2023) 91 Cal.App.5th 285, 305; accord, *Betz v. Pankow* (1993) 16 Cal.App.4th 931, 940.)

We review a trial court's decision denying or granting a motion to vacate an order for abuse of discretion. (*Conservatorship of Tedesco, supra*, 91 Cal.App.5th at p. 301; accord, *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929.) We similarly review a decision regarding disqualification of a judge under section 170.1 et seq. for abuse of discretion. (See *People v. Alvarez* (1996) 14 Cal.4th 155, 237 ["As a general matter, an appellate court reviews a trial court's ruling on a recusal motion [under section 170.1] for abuse of discretion."].) We therefore review the family court's implied finding there was no good cause to set aside Judge Hansell's orders for an abuse of discretion. The family court did not abuse its discretion.

As discussed, in striking Arthur's January 16, 2020 statement of disqualification, Judge Hansell rejected any alleged bias or other disqualifying circumstances that arose in connection with the orders Judge Hansell made before the date of the statement. Moreover, Judge Hansell specifically struck Arthur's allegations of disqualifying conduct in connection with the November 15, 2021 order dismissing Arthur's cross-complaint. Those determinations were final long before Arthur filed his motion to vacate in May 2023. Arthur's motion to vacate did not

14

allege any other disqualifying conduct by Judge Hansell prior to his recusal on June 15, 2022 that could have established good cause to vacate any of Judge Hansell's orders.[15]

---

[15] In his opening brief, Arthur purports to appeal from the family court's September 25, 2023 order denying Arthur's motion to have requests for admissions propounded to Polina deemed admitted under section 2033.280, subdivision (b). That order was entered after Arthur filed this appeal, and Arthur does not identify it in his notice of appeal. Even if the September 25 order was an appealable order, it is not properly before us. (*Conservatorship of Edde* (2009) 173 Cal.App.4th 883, 889-890 [appellate court's "analysis is limited only to review of the order" identified in the notice of appeal]; see *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173 [""'each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.""'].)

Arthur also contends in his opening brief that the November 15, 2021 order dismissing his cross-complaint without prejudice was "void" because in 2017 the family court (Judge Shelley L. Kaufman) declined to dismiss his cross-complaint (addressing a different ground for dismissal). However, on January 7, 2022 Arthur's appeal from the November 15, 2021 order was dismissed because the unsigned minute order attached to Arthur's case information statement was not a final, appealable order. In this appeal Arthur has not identified an order dismissing his cross-complaint, whether signed or unsigned, and the order is therefore not properly before us. (*Filbin v. Fitzgerald, supra*, 211 Cal.App.4th at p. 173; *Conservatorship of Edde, supra*, 173 Cal.App.4th at pp. 889-890.)

## DISPOSITION

We affirm the family court's July 14, 2023 order denying Arthur's motion to vacate Judge Hansell's orders.

We dismiss Arthur's appeal from the family court's July 14, 2023 order denying reconsideration of Arthur's motion under section 583.360 to dismiss Polina's complaint.

To the extent Arthur appeals from the family court's November 15, 2021 order dismissing his cross-complaint and the September 25, 2023 order denying his motion to have requests for admissions deemed admitted, we dismiss those appeals.

The parties are to bear their own costs on appeal.


FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.