Filed 1/15/26  Doe v. Prier CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SYDNEY ROSE PRIER,<br><br>    Defendant and Respondent. | H052667, H052845<br>(Santa Clara County<br>Super. Ct. No. 24CV437656)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on January 5, 2026, be modified as follows:

On page 8, revise the first full paragraph to read:  The trial court's register of actions includes an entry for a minute order for this hearing.  The reporter's transcript does not appear in any of the records on appeal in case Nos. H052642, H052667, or H052845.  The trial court filed a recusal order on January 15, 2025.

There is no change in the judgment.  The petition for rehearing is denied.

_____

Danner, J.

_____

Greenwood, P. J.

_____

Lie, J.

**H052667, H052845**
***Doe v. Prier***

Filed 1/5/26  Doe v. Prier CA6 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JANE DOE, | H052667, H052845 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 24CV437656) |
| v. | |
| SYDNEY ROSE PRIER, | |
| Defendant and Respondent. | |

In April 2024, Jane Doe, representing herself, brought suit against a fellow college student, Sydney Rose Prier.  In September 2024, Doe was certified as a participant in the Safe at Home address confidentiality program administered by the Secretary of State (Gov. Code, § 6205 et seq.).  In October and December 2024, Doe filed in the trial court two ex parte applications (motions) to seal under Code of Civil Procedure[1] section 367.3, a statute that allows a protected person to request that a court order a record

_____

[1] All further unspecified statutory references are to the Code of Civil Procedure.

or part of a record sealed in accordance with California Rules of Court,[2] rules 2.550 and 2.551.

The trial court denied the motions on the basis that Doe failed to satisfy the grounds for sealing under rule 2.550(d).

Doe has separately appealed both orders denying her motions to seal. Doe contends that the orders are void or voidable because the bench officer who issued the orders was disqualified when this court issued an alternative writ that (in Doe's view) "reinstated" Doe's statement of disqualification against the bench officer. Doe also asserts that section 367.3 requires courts to seal identifying characteristics of Safe at Home program participants, and substantial evidence supports her requests to seal her name, address, and other identifying characteristics.

For the reasons set forth below, we affirm the trial court's orders.

## I. FACTS AND PROCEDURAL BACKGROUND

### A. Facts

Doe and Prier lived in the same dormitory at Stanford University. A financial dispute arose between the parties. According to Doe, Prier threatened Doe over unpaid funds. As a result, Doe sought and obtained a temporary restraining order against Prier, which required Prier to relocate to a different dormitory.

### B. Procedural Background

On April 30, 2024, Doe filed a complaint against Prier for defamation, false light, and intentional infliction of emotional distress, which Doe alleged commenced after Prier was required to relocate to a different residence due to the temporary restraining order. The case was originally assigned to Judge

---

[2] All further unspecified rule references are to the California Rules of Court.

William Monahan.[3]  On May 20, 2024, Doe filed a peremptory challenge under section 170.6 against Judge Monahan.  On May 29, 2024, the case was reassigned to a different bench officer.

The trial court's register of actions indicates the court entered a default against Prier on June 4, 2024, and Prier filed a motion to set aside the default on June 17, 2024.  The register of actions also includes an entry on August 16, 2024, that indicates the case was later reassigned to Judge Evette Pennypacker.

On October 8, 2024, Doe filed a statement of disqualification of Judge Pennypacker under section 170.1, subdivision (a)(6)(A)(iii).[4]  On October 11, 2024, Judge Pennypacker issued an order striking Doe's challenge and submitted a verified answer.

On October 14, 2024, Doe filed in the trial court an ex parte application, or in the alternative, a motion to seal under section 367.3.  Doe requested the court redact her name, address, signature, and e-mail address from the complaint, summons, civil case cover sheet, civil filing rejection letter, minute order, motion for peremptory challenge against another bench officer, notice of reassignment of case, order on fee waiver, case management statement, ex parte application for extension of time to serve pleading and the related order, request for entry of default, ex parte application to extend time to file and serve request for court judgment following clerk's entry of default, and proofs of service.  Doe asserted as the basis for her request her

---

[3] Because Doe's contentions on appeal implicate the authority of individual bench officers to take actions challenged by Doe, for clarity we refer to the relevant bench officers by name.

[4] Section 170.1, subdivision (a)(6)(A)(iii) permits a judge to be disqualified "[f]or any reason" if "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."

3

enrollment in the Safe at Home program, "an address confidentiality program run by the Secretary of State," and her use of a pseudonym under section 367.3. Doe attached to the motion a September 14, 2024 letter from the Secretary of State certifying Doe's status as an active participant of the Safe at Home, confidential address program effective as of the date of the letter.[5]

On October 21, 2024, Doe filed in this court a petition for writ of mandate under section 170.3, subdivision (d), challenging Judge Pennypacker's October 11, 2024 order striking Doe's statement of disqualification. Doe's petition for writ of mandate, which also sought a stay of the trial court proceedings, was assigned case No. H052642.[6]

On October 24, 2024, the trial court issued an order denying Doe's motion to seal (October order). The court found that the facts presented by Doe failed to establish at least three of the five factors required to seal

---

[5] Although Doe asserts in her appellate brief that she applied for Safe at Home certification "almost [six] months" before the Secretary of State approved her application, the record does not include Doe's application to the Safe at Home program. Doe does not cite any evidence in the record to support her assertion as to the application date.

[6] This court judicially noticed the docket in *Doe v. Superior Court* (case No. H052642) pursuant to a request by Doe.

Doe has filed in this court a second request for judicial notice. Doe requests this court judicially notice orders in other proceedings before the San Francisco County Superior Court (case No. redacted) and this court (case Nos. H052138, H052478, and H052551) granting her application to seal records under section 367.3.

In her only argument regarding the relevance of these orders, Doe asserts they "were on the same seal application that was presented to the trial court from which appeal herein is taken." Doe has not provided this court with or requested judicial notice of the sealing applications filed in the other cases or any other evidence demonstrating the relevance of these orders to the issues raised in this appeal. We deny Doe's second request for judicial notice as irrelevant to the issues raised in this appeal. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)

records under rule 2.550. The court reasoned that the records in question had been public for most of 2024, and "[s]ealing them now would not advance [Doe]'s identified overriding interest." It further determined that the requested retroactive sealing was not narrowly tailored because it sought the redaction of "virtually every document" in the case file. The court stated that the Safe at Home address protocols would be followed for future filings in the case. That same day, Doe appealed the October order to this court (case No. H052667).

On November 8, 2024, Doe filed a second statement seeking disqualification of Judge Pennypacker under section 170.1, subdivision (a)(6)(A)(iii).[7] Doe concurrently filed an ex parte application to seal both her second statement of disqualification and the application to seal. On November 18, 2024, Judge Pennypacker filed an order striking Doe's second statement of disqualification and submitted a verified answer to Doe's statement. Judge Pennypacker concurrently filed an order granting Doe's ex parte application to file the documents under seal.

On November 22, 2024, Doe filed in this court a petition for writ of mandate under section 170.3, subdivision (d), challenging Judge Pennypacker's order striking Doe's second statement of disqualification.[8] Doe's petition for writ of mandate, which also sought a stay of the trial court proceedings, was assigned case No. H052731.

---

[7] Doe's second statement cites as the basis for disqualification "section 170.1, subd. (a)(6)(C)[(iii)]." We presume this citation is a typographical error and that Doe meant to cite section 170.1, subdivision (a)(6)(A)(iii), given that section 170.1 does not contain a subdivision (a)(6)(C)(iii). (See generally § 170.1.)

[8] This court judicially noticed the docket in *Doe v. Superior Court* (case No. H052731) pursuant to a request by Doe.

The trial court's register of actions lists an entry for a request from Doe on November 25, 2024, for a court reporter and an entry for a case management conference on December 10, 2024. Although the register of actions indicates the court issued a minute order for the December 10, 2024 case management conference, neither that minute order nor the other documents mentioned in this paragraph appear in the record on appeal.

On December 10, 2024, Prier filed another motion to set aside the default.[9]

On December 11, 2024, Doe filed in the trial court an ex parte motion to strike and seal Prier's motion to set aside the default. Doe requested the court seal the following information in Prier's motion: Doe's true name, pages displaying Doe's "alleged 'social media profiles, online identifiers [and] images of the protected person,' " pages containing Doe's address, city or unincorporated area of residence, age, relationship to others, and " 'other information [. . .] from which [Doe's] identity can be discerned,' " the names of the judge and court commissioner that presided over another matter to which Doe was a party, the case number for that matter, and the name of the university dorm in which Doe allegedly lives.

The trial court's register of actions includes an entry on December 17, 2024, for an order denying Doe's ex parte motion to strike Prier's motion to set aside the default. This order does not appear in the record on appeal.

On December 20, 2024, the trial court issued an order denying Doe's motion to seal Prier's motion to set aside the default (December order). The

---

[9] According to the trial court's register of actions, Prier's first motion to set aside (filed in June 2024) was rejected for failure to pay the filing fee. The register of actions also includes an entry for October 25, 2024, that indicates the court struck Prier's motion to set aside default as "[i]mproperly filed." (Italics omitted.) The record before us does not include this order.

6

order stated: "The court addressed this issue in its order dated December 16, 2024. To further summarize: the applicant stated their name in open court on the record, which was being made by a court appointed court reporter. Applicant's name was also plainly displayed on applicant's TEAMS screen where everyone in the public courtroom and on the TEAMS hearing could easily see. On this record, the court has difficulty finding the legal threshold for sealing has been met and therefore denies this application." On December 20, 2024, Doe appealed the December order to this court (case No. H052845).

On December 23, 2024, this court issued an alternative writ of mandate directing the trial court to either vacate Judge Pennypacker's October 11, 2024 order striking Doe's section 170.1 challenge and to enter a new and different order directing that the challenge be heard by another judge or to show cause before this court why a peremptory writ of mandate should not issue to compel the foregoing actions. This court directed the trial court to give the parties notice and an opportunity to be heard before complying with the alternative writ.

In accordance with this court's alternative writ, the trial court held a reported hearing on January 10, 2025, although the transcript of that hearing does not appear in the record on appeal. The trial court subsequently filed a document entitled "respondent's compliance with alternative writ of mandate" (statement of compliance). (Capitalization omitted.)

In its statement of compliance, the trial court summarized the January 10, 2025 hearing. The court recounted that it had informed the parties that it "intended to comply with the Sixth District's alternative writ of mandate, to vacate its October 11, 2024 order striking [p]laintiff's October 8, 2024

7

challenge, and to enter a new order directing that the challenge be heard by another judge." The court further described Doe's preference (asserted at the hearing) that the underlying matter be "promptly reassigned rather than sent to a different judge for review of the challenge." The court concluded, "Based on this hearing, the superior court found it appropriate to recuse herself from further presiding over this matter pursuant to Code of Civil Procedure section 170.1[, subdivision] (a)(6)(i) ('A judge shall be disqualified if any one or more of the following are true: . . . For any reason . . . [t]he judge believes his or her recusal would further the interests of justice'), and the case has therefor been reassigned to a different bench officer." The court found, "[i]n compliance with the December 23, 2024 alternative writ of mandate, the superior court submits this is cause for why a peremptory writ of mandate should not issue as set forth in the Sixth District's alternative writ."

The trial court's register of actions includes entries for a minute order for this hearing and a recusal order. Neither the reporter's transcript nor the recusal order itself appears in any of the records on appeal in case Nos. H052642, H052667, or H052845.

On March 4, 2025, based on Judge Pennypacker's recusal from the underlying case, this court issued orders denying as moot Doe's petition for writ of mandate and request for stay in case Nos. H052642 and H052731.

This court considers together for purposes of briefing, argument, and decision Doe's two appeals in case Nos. H052667 and H052845 from the trial court's orders denying her motions to seal.

## II. DISCUSSION

On appeal, Doe contends that this court's alternative writ (which she characterizes as "reinstat[ing]" her stricken statement of disqualification)

8

disqualified Judge Pennypacker as of the filing date of Doe's statement of disqualification—i.e., October 8, 2024. Doe argues that the later October and December orders denying her motions to seal are void or voidable because Judge Pennypacker issued them after the filing date of Doe's statement of disqualification, and an " 'order rendered by a disqualified judge is void.' "

On the merits of the trial court's orders, Doe asserts two alternative bases of error in the court's denial of her motions to seal. First, Doe contends that section 367.3, subdivision (b)(4) requires a court to seal identifying characteristics of a Safe at Home program participant. Second, Doe asserts there was sufficient evidence in the record to establish that her interest as a Safe at Home program participant would be prejudiced absent sealing and that her motions to seal were narrowly tailored. Doe argues that the court's basis for denying her first motion unfairly punished her for the Secretary of State's "almost [six] month[]" delay in certifying her as a Safe at Home participant. Doe further argues that the court's basis for denying her second motion is "[f]actually [m]istaken" and legally incorrect.

Prier has not participated in Doe's appeals.

*A. General Principles of Appellate Review*

Well-established principles of appellate review guide our analysis. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the appellant, Doe bears the burden of showing that the trial court committed an error that justifies reversal of the challenged orders. (*Jameson*, at p. 609.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*)) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 (*Fink*); rule 8.204(a)(1)(C) [requiring parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]), this court may treat the point as forfeited. We are not required to search the record for error ourselves (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246), and "[w]e are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).) In short, "conclusory claims of error will fail." (*S.C.*, at p. 408.)

These requirements apply with equal force to parties representing themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

*B. Disqualification*

1. <u>Legal Principles</u>

Section 170.1 sets forth grounds under which a party may seek to disqualify a judge for cause, including, inter alia, "[f]or any reason [if]  [¶] (i) The judge believes his or her recusal would further the interests of justice. [¶]  (ii) The judge believes there is a substantial doubt as to his or her capacity to be impartial.  [¶]  (iii) A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." (*Id*., subd. (a)(6)(A).)

10

"[I]f a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken." (§ 170.4, subd. (b); *Urias v. Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 421 (*Urias*).) If the challenged judge strikes an untimely and/or insufficient statement of disqualification, the judge has not consented to his or her disqualification. (See *Urias*, at p. 421.) "A party may file no more than one statement of disqualification against a judge unless facts suggesting new grounds for disqualification are first learned of or arise after the first statement of disqualification was filed. Repetitive statements of disqualification not alleging facts suggesting new grounds for disqualification shall be stricken by the judge against whom they are filed." (§ 170.4, subd. (c)(3).)

" '[T]he actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly raised by an interested party.' " (*Urias, supra*, 234 Cal.App.3d at p. 424; *Conservatorship of Tedesco* (2023) 91 Cal.App.5th 285, 305 [agreeing with *Urias* and concluding that "orders issued prior to disqualification are voidable rather than void"]; *Betz v. Pankow* (1993) 16 Cal.App.4th 931, 940.) "If grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding, but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge." (§ 170.3, subd. (b)(4).)

"A party who seeks to declare a judgment void on the ground the judge was disqualified must allege and prove facts which clearly show that such disqualification existed." (*Urias, supra*, 234 Cal.App.3d at p. 424.)

11

2. Analysis

Doe's assertion that the challenged orders are void or voidable rests on her contention that Judge Pennypacker entered the orders after Doe filed her statement of disqualification (October 8, 2024), which Doe asserts this court "reinstated" by issuing the alternative writ.[10]

Doe does not cite any legal authority to support her contention that this court's issuance of the alternative writ was sufficient to disqualify Judge Pennypacker as of October 8, 2024. "When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'" (*S.C.*, *supra*, 138 Cal.App.4th at p. 408.) Judge Pennypacker did not recuse herself from the case, and, thus, was not disqualified (see § 170.3, subd. (a)(1)), until January 15, 2025. Further, the trial court's statement of compliance indicates the court recused itself from "further presiding" over the matter and did not reference any past orders. We therefore reject Doe's assertion that Judge Pennypacker's orders were void.

We turn to Doe's second contention—that the trial court erred in denying her motions to seal.

---

[10] The alternative writ was not a "corrective *Palma* notice" as Doe contends. Doe does not cite any legal authority or engage in any analysis to support her contention. We therefore do not consider her conclusory statement. (*S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

A *Palma* notice is a notice that a peremptory writ may issue in the first instance; it "provide[s] notice that such a writ may issue[] and invite[s] informal opposition." (*Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1238.) Since this court issued an alternative writ, any peremptory writ subsequently issued would not be "in the first instance." (*Ibid.*)

*C. Sealing Records Under Section 367.3 and Rule 2.550*

    1. <u>Legal Principles</u>

Section 367.3, subdivision (b)(1) allows "[a] protected person who is a party in a civil proceeding . . . [to] us[e] a pseudonym, either John Doe, Jane Doe, or Doe, for the true name of the protected person and may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the protected person. A protected person who proceeds using a pseudonym as provided in this section shall file with the court and serve upon all other parties to the proceeding a confidential information form for this purpose that includes the protected person's name and other identifying characteristics being excluded or redacted. The court shall keep the confidential information form confidential." Section 367.3, subdivision (a)(3) defines a " '[p]rotected person' " as "a person who is an active participant in the address confidentiality program created" under the Safe at Home program (Gov. Code, § 6205 et seq.).[11]

When a protected person uses a pseudonym under section 367.3, they "shall use the pseudonym in all pleadings, discovery requests or discovery motion documents, and other documents filed or served in the action, and at hearings, trial, and other court proceedings that are open to the public." (*Id.*, subd. (b)(2)(A).) "The responsibility to exclude or redact identifying

---

[11] The Safe at Home program "enable[s] state and local agencies to respond to requests for public records without disclosing the changed name or location of a victim of domestic violence, sexual assault, stalking, human trafficking, child abduction, or elder or dependent adult abuse to enable interagency cooperation with the Secretary of State in providing name and address confidentiality for victims of domestic violence, sexual assault, stalking, human trafficking, child abduction, or elder or dependent adult abuse and to enable state and local agencies to accept a program participant's use of an address designated by the Secretary of State as a substitute mailing address." (Gov. Code, § 6205, subd. (a).)

characteristics of the protected person from documents filed with the court rests solely with the parties and their attorneys. This section does not require the court to review pleadings or other papers for compliance." (*Id.*, subd. (b)(3).)

The trial court, "on motion of the protected person, may order a record or part of a record to be filed under seal in accordance with [r]ules 2.550 and 2.551 of the California Rules of Court." (§ 367.3, subd. (b)(4).)

"Unless confidentiality is required by law, court records are presumed to be open." (Rule 2.550(c).) A court may order records filed under seal only if it makes factual findings that establish: "(1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest." (Rule 2.550(d); *Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 487 (*Overstock*).)

"[W]e review the ultimately discretionary decision to deny sealing by inquiring whether substantial evidence supports the trial court's express or implied findings that the requirements for sealing are not met." (*Overstock, supra*, 231 Cal.App.4th at p. 492, citing *In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 301–303 (*Providian*); *In re M.T.* (2024) 106 Cal.App.5th 322, 335.) "Substantial evidence 'must be reasonable in nature, credible, and of solid value.'" (*M.T.*, at p. 336.)

2. Analysis

Doe contends the trial court erred in denying her motion to seal because under section 367.3, subdivision (b)(4) the court "must" seal a record

14

containing identifying characteristics of a Safe at Home program participant. Doe suggests that a motion to seal under the Safe at Home Act should be "differentiated from a regular motion to seal" and that because section 367.3 is more specific in its scope than rule 2.550, the statutory provision should control over the standards listed in the court rule. She cites *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178 for the conclusion "that insofar as seal is sought only over 'identifying characteristics', such a movant has satisfied the individualized findings of [r]ule 2.550."

We disagree. Like rule 2.550(d), the plain language of section 367.3, subdivision (b)(4) provides that a court "*may* order a record or part of a record" sealed. (Italics added.) The term " 'may' . . . is the traditional language of discretionary power." (*Providian*, *supra*, 96 Cal.App.4th at p. 299.)

Doe does not identify any language in section 367.3, subdivision (b)(4) that limits the trial court's discretion when ruling on a motion to seal filed by a Safe at Home participant. Moreover, the statute expressly states that such an order must be made "in accordance with [r]ules 2.550 and 2.551." (§ 367.3, subd. (b)(4).) Section 367.3 does not place any limitations on the requirements set forth in the rules.

In addition, the decision in *NBC Subsidiary* does not assist Doe. "The language of rule 2.550 is unambiguous: *all* superior court records are presumptively open and subject to the sealing rules, regardless of the particular court proceeding to which those records apply, unless the records fall within the confidentiality or discovery exceptions under subdivisions (a)(2) and (3) of that rule, or a statute or rule exempts the court from the sealing rules. Nothing in the rule requires a case-by-case analysis of whether the records arise in an 'ordinary' court proceeding under *NBC Subsidiary*.

15

' "Rules of court have the force of law and are as binding as procedural statutes as long as they are not inconsistent with statutory or constitutional law." ' " (*Marino v. Rayant* (2025) 110 Cal.App.5th 846, 858.) Although Doe appears to suggest section 367.3 and rule 2.550 are in conflict, she does not identify the conflict, and we do not discern any. In addition, as discussed *ante*, the statute subjects the court to compliance with rule 2.550, rather than "exempt[ing] the trial court . . . from the rule." (*Marino*, at p. 858.)

Although rule 2.550(a)(2) provides an exception for "records that are required to be kept confidential by law" (see also *id*., rule 2.550(c)), section 367.3 requires only that the trial court keep confidential the confidential information *form*. (§ 367.3, subd. (b)(1).) The statute does not require the court to keep any other information, including any identifying characteristics, confidential. Section 367.3 places the responsibility for excluding or redacting identifying characteristics from documents on the parties and their attorneys themselves and expressly excuses the court from the obligation. (*Id*., subd. (b)(3).) We discern no error in the trial court's application of rule 2.550 to its consideration of Doe's motion to seal under section 367.3.

We next consider whether the trial court abused its discretion in concluding that the evidence did not support sealing the records. With respect to the October order, Doe challenges the court's finding that, because the records Doe sought to seal had been public for most of 2024, "[s]ealing them now would not advance [Doe]'s identified overriding interest." Doe argues that she has an overriding interest in withholding her address from the persons from whom she seeks protection. Doe maintains that a substantial probability exists that such interest will be prejudiced if the records in the underlying matter are not sealed because "the persons from whom [she] seeks protection do not know [her] whereabouts" and "have not

16

seen these identifying characteristics." In addition, Doe argues that she should not be penalized for the Secretary of State's asserted six-month delay in certifying her participation in the Safe at Home program.

Doe does not cite any evidence in the record to support her assertion that the persons from whom she seeks protection neither know her whereabouts nor have seen the identifying characteristics she seeks to have sealed. Nor does Doe include in the record her application for participation in the program or any other evidence supporting the asserted date of such application.

With respect to the December order, Doe maintains that the trial court's factual findings supporting its denial of her motion to seal are "[f]actually [m]istaken" because "the trial court clerk confirmed that there were no court reporters present in th[e] case management conference" referenced in the December order, "no party requested a court reporter," and Doe "does not remember identifying themselves with any name." Doe does not cite any evidence in the record to support any of these contentions.

To show the trial court erred, Doe must provide a record that allows us to meaningfully review the challenged order. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).) Doe has failed to provide an adequate record. " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Ibid.*) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

Doe's arguments are predicated solely on asserted evidence not in the record. We therefore disregard them (see *S.C.*, *supra*, 138 Cal.App.4th at p. 406; *Fink*, *supra*, 25 Cal.3d at p. 888) and affirm the trial court's orders denying her motions to seal (*Foust*, *supra*, 198 Cal.App.4th at p. 187).

17

Furthermore, the trial court's finding in the October order with respect to the third factor of rule 2.550 finds substantial support in the record. Doe identified and used her true name and address in each of her filings between April 2024, and her first motion to seal in October 2024, including: the complaint, summons, and civil case cover sheet filed on April 30, 2024, the May 20, 2024 motion for peremptory challenge, a June 4, 2024 request for entry of default, two July 31, 2024 applications to extend time to file and/or serve documents, an August 1, 2024 case management statement, and the accompanying proofs of service.

With respect to the December order, the trial court's register of actions indicates Doe requested a court reporter on November 25, 2024, and the subsequent hearing conducted by Judge Pennypacker was the case management conference held on December 10, 2024. The December order states the hearing was recorded by a court reporter, and Doe both stated her true name on the record and displayed it on her screen in view of the public courtroom and participants in the hearing.[12]

Although Doe argues that "identifying oneself to the court and the parties in the case does not diminish [Doe]'s compelling overriding interest," she does not cite any legal authority to support this conclusory statement. Nor does Doe address the requirement in section 367.3, subdivision (b)(2)(A) that a protected person using a pseudonym under section 367.3 use the pseudonym "at hearings, trial, and other court proceedings that are open to the public." Doe's conclusory statements of error are insufficient to support

---

[12] Although the trial court's register of actions indicates a minute order was issued for the case management conference at issue, Doe did not include a copy of the minute order in the record. In addition, Doe elected to proceed without any reporter's transcripts in her appeal.

reversal of the trial court's orders. (See *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649.)

On the record before us, we discern no error in the trial court's application of rule 2.550.[13] We conclude the court did not abuse its discretion in denying Doe's motions to seal.

## III.  DISPOSITION

The October 24, 2024 and December 20, 2024 orders are affirmed.  As respondent Prier has not appeared in this court, no costs are awarded on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

---

[13] Because we decide that Doe has failed to establish one of the five required factors under rule 2.550, we need not consider whether Doe's sealing request was narrowly tailored.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P. J.


_____
Lie, J.


**H052667, H052845**
*Doe v. Prier*